## VOLLMER BEVERAGE CO. v. BLAIR, Com'r of Internal Revenue, et al.

(District Court, E. D. Pennsylvania. November 19, 1924.)

No. 3135.

**1. Intoxicating liquors ⬉102, 108(10)—Revocation of manufacturing permit reviewable by court of equity.**

Under Prohibition Act, tit. 2, §§ 5, 9 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½dd), a manufacturer under a permit, whose permit has been revoked or a renewal thereof denied, has the right to have such action reviewed by a court of equity, both as to the law and facts.

**2. Intoxicating liquors ⬉102; 106(1)—Discretion given Commissioner to revoke or refuse to renew manufacturing permit is a sound judicial discretion, and not arbitrary.**

The action of the Commissioner in revoking the permit of a manufacturer must be based, not only on his official discretion, but in findings of fact and application of the law he must be governed by a sound judicial discretion.

In Equity. Suit by the Vollmer Beverage Company against David H. Blair, Commissioner of Internal Revenue, and others. On motion to dismiss bill. Denied.

John P. Connelly, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Dist. Atty., and Francis B. Biddle, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The bill in this case is filed by the Vollmer Beverage Company, incorporated February 16, 1923,

under the laws of Pennsylvania, for the purpose of "the manufacture and sale of malt liquors and other potable beverages of a kind not in violation of the laws of the United States or of this commonwealth," against David H. Blair, Commissioner of Internal Revenue, R. A. Haynes, Prohibition Director of the United States, and W. G. Murdoch, Federal Prohibition Director of Pennsylvania, for a review of the action of the defendants in refusing to issue or revoking a permit to the plaintiff "to operate a dealcoholizing plant for the production of cereal beverages and to use intoxicating liquors in the operation of the same for nonbeverage purposes."

The bill sets out that, at the time of the incorporation of the plaintiff, it took over the business previously conducted by Elizabeth Vollmer; that Elizabeth Vollmer has no interest, directly or indirectly, in the corporation, and is neither an officer, director, nor stockholder thereof; that on July 25, 1923, a permit for the purposes above stated was issued to the plaintiff, under which it conducted the business for which it was chartered; that from the time of the granting of the permit, the plaintiff has in all respects complied with the law and has not been guilty of any violation thereof; that during August, 1923, plaintiff applied for the renewal of its permit for the year 1924, which permit was disallowed by Prohibition Director Haynes on May 24, 1924; that, after disallowance, the plaintiff, upon protesting against the disallowance of the permit and filing an affidavit setting forth that it had in all respects complied with the law and had not been guilty of any violation thereof, and that a very large sum of money had been invested in its plant, was granted a hearing, at which hearing it was alleged that, during the latter part of 1922, prior to its incorporation and while the business was being conducted by Elizabeth Vollmer, a sum of money had been given to agents of the Prohibition Department for the purpose of preventing the enforcement of the law; that this allegation was specifically denied by Elizabeth Vollmer by affidavit, which was supplemented by an affidavit of William H. Baltz, who, during Elizabeth Vollmer's conduct of the business, had charge of her office.

The bill sets up that the plaintiff corporation is not chargeable with any acts of Elizabeth Vollmer prior to its incorporation, and is not chargeable with responsibility for her acts, for the reason that she has no interest, direct or indirect, in the corpo-

ration or its business; that no notice of the revocation of the permit for 1923 was given as required by sections 5 and 9 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½dd); that the action of the defendants in refusing to renew its permit is in violation of the law, and that no just ground has been shown as against the plaintiff corporation for the denial of its right to a renewal of the permit for the year 1924; that it has a very large sum of money invested in its business, and that great and irreparable damage has been and will be done to it through the action of the defendants.

[1] The defendants move to dismiss upon several grounds, but the argument is based principally upon the contentions that the bill sets up no reviewable facts, and that it merely seeks to have a discretionary act of the Commissioner reviewed by this court. Section 5 of title 2 of the National Prohibition Act provides that "the manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant," and section 9, after providing for the grounds upon which a permit may be revoked, further provides: "Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 5 hereof."

Congress, for the purpose of preventing evasion of the law through unlawful use of intoxicating liquors, has placed the conduct of business not unlawful in its nature, but involving the use therein of intoxicating liquors for manufacturing a lawful product under the supervision and regulation of the Commissioner of Internal Revenue. And when Congress provided for a review in a court of equity, and authorized the court to affirm, modify, or reverse the findings of the Commissioner as the facts and law of the case may warrant, it is apparent that it was intended that a person, whose right to carry on such business has been denied by the Commissioner because of facts alleged either to show that it has not been conducted lawfully or to show it has not been conducted in good faith, should have an opportunity to have a court of equity at least examine into the acts of the Commissioner and the proceedings had before him, and determine as a matter of law whether the facts established to his satisfaction are sufficient in law to warrant the refusal of a permit to carry on the business, and also determine whether the evidence on which the findings of fact are based is evidence to support such findings. If there was evidence before the Commissioner to show that a bribe had been offered or paid to a prohibition officer by the permittee for the purpose of influencing the decision of the question whether a permit should issue or continue in effect, that fact would surely be ground for a finding that the permittee was not acting in good faith, in that the act would not only be a violation of the law, but the inference would irresistibly be drawn that the permittee either had used or intended to use intoxicating liquors obtained under his permit in an unlawful manner.

[2] But the action of the Commissioner must be based, not only upon his official discretion, but, in findings of fact and application of the law, he must be governed by a sound judicial discretion. Congress apparently did not intend that a review in a court of equity should be a vain thing, and if, as contended by the defendants, the Commissioner exercised his discretion, that the exercise of discretion should not be subject to review, if based on an arbitrary judgment not supported by facts chargeable to the permittee. While it is not necessary, in passing upon the present motion, to determine whether or not the proceedings before the court shall be de novo, I am of the opinion that Congress intended the court to review the case, if it should appear that the Commissioner based his action upon some charge against the permittee which could not have been a basis for a finding of violation of the law on the part of the permittee, nor want of good faith in the conduct of its business under the permit. If, as alleged in the bill, and for the purposes of the motion its averments must be taken as verity, the disapproval of the application for a permit was based upon the alleged action of some one having no connection with the plaintiff's business, it cannot be concluded that the action of the commissioner was in the exercise of a sound judicial discretion. The facts set out in the bill in the case at bar, if unanswered, clearly entitle the plaintiff to a review.

The motion is dismissed, and it is ordered that the defendants file an answer within five days, as required by the twenty-ninth equity rule.