**GAUTIERI v. SHELDON, Federal Prohibition Director, et al.**

(District Court, D. Rhode Island. August 6, 1925.)

No. 221.

1. **Intoxicating liquors** ⬦71—**Permit to use or to purchase specially denatured alcohol cannot be denied arbitrarily.**

In view of National Prohibition Act, tit. 2, §§ 5, 6 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c), denial of permit to use or to purchase specially denatured alcohol cannot be arbitrary, but must be upon definite findings of fact and law, so that a court may review them.

2. **Constitutional law** ⬦318—**Denial of permit to use denatured alcohol, without a hearing, is not due process of law.**

Denial of the right to have a permit to use or to purchase specially denatured alcohol under National Prohibition Law, tit. 2, §§ 5, 6 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c), without a hearing, is not due process of law.

3. **Intoxicating liquors** ⬦101—**Permit to use specially denatured alcohol not shown to be limited to 50 gallons in 30 days.**

Permit, authorizing plaintiff to use specially denatured alcohol for the purposes specified in his application of certain date (toilet preparations), *held* not limited to 50 gallons of alcohol in 30 days, though application for 600 gallons had been changed by deputy collector to read 50 gallons; it being immaterial whether plaintiff authorized the change as long as he did not voluntarily abandon his estimate of requirements, and his bond was adequate for such quantity.

4. **Intoxicating liquors** ⬦101—**Application for permit to use specially denatured alcohol held not to limit quantities.**

Application for permit to use denatured alcohol, providing that "it is estimated that —— wine gallons of denatured alcohol will be used * * * during a period of 30 days," *held* not to define or limit quantities.

5. **Intoxicating liquors** ⬦71—**Collector required to promptly approve applications so that they should become permits for withdrawal of specially denatured alcohol.**

On presentation of permit to use specially denatured alcohol issued to plaintiff, and bond for $3,000 duly filed in pursuance of Regulations, art. 114, it became duty of collector under article 115, Regulations No. 61, to promptly approve applications so that they should become permits for withdrawal of specially denatured alcohol.

6. **Intoxicating liquors** ⬦72—**Plaintiff held entitled to maintain bill in equity to review denial of his permit to withdraw specially denatured alcohol.**

Plaintiff *held* entitled to maintain bill in equity under National Prohibition Act, tit. 2, §§ 5, 6 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c), to review commissioner's denial of his permit to withdraw specially denatured alcohol in quantities desired.

In Equity. Bill by John Gautieri against Harry G. Sheldon, Federal Prohibition Director for the State of Rhode Island, and others. Decree for plaintiff.

Francis I. McCanna, of Providence, R. I., for plaintiff.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I., for defendants.

BROWN, District Judge. [1] This is a bill in equity under section 6, title 2, of the National Prohibition Act which provides: "In the event of the refusal by the Commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 hereof." Comp. St. Ann. Supp. 1923, § 10138½c.

Section 5 provides: "The manufacturer may by appropriate proceeding in a court of equity have the action of the Commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner as the facts and law of the case may warrant," etc. Comp. St. Ann. Supp. 1923, § 10138½bb.

[2] These provisions indicate clearly that the right to have a permit to use or to purchase specially denatured alcohol cannot be denied arbitrarily, but that a denial must be upon findings of fact and law so definite that a court of review may determine what they were in order to review them. It is clear that a denial without a hearing is not due process of law. See McGill et al. v. Mellon et al. (D. C.) 5 F.(2d) 262. See, also, Vollmer Beverage Co. v. Blair (D. C.) 2 F.(2d) 469.

The plaintiff complains that, although he desires a permit to withdraw 600 gallons of specially denatured alcohol, he is denied the right to purchase more than 50 gallons per 30 days. It appears, however, that the petitioner has procured a permit in the following form:

"Treasury Department, U. S. Internal Revenue.

"Form 1481.                    Permit No. 72.

"Permit to Use Specially Denatured Alcohol under Title III of the National Prohibition Act.

"Office of Collector of Internal Revenue, District of Rhode Island.

"March 13, 1925.

"Permit is hereby granted to John Gautieri doing business as Ideal Perfume Mfg. Co. located at 226 Manton Ave., Prov., R. I., to use for the purposes specified in an application dated 2d December, 1924, specially denatured alcohol manufactured in accordance with authorized formula No. 39–B.

"This permit shall be in effect from the date hereof until surrendered by the holder or canceled by the Commissioner of Internal Revenue for violation of the provisions of title III of the National Prohibition Act or the regulations made pursuant thereto.

"This permit is not transferable.

"[Signed]    Frank A. Page, Collector.

"Note.—Whoever violates any of the provisions of law or regulations relating to denatured alcohol shall be liable, for the first offense, to a penalty of not exceeding $1,000, or imprisonment not exceeding thirty days, or both, and for a second or cognate offense to a penalty of not less than $100, nor more than $10,000, and to imprisonment of not less than thirty days nor more than one year. It shall be lawful for the Commissioner of Internal Revenue in all cases of second or cognate offense to refuse to issue for a period of one year a permit for the use of such alcohol upon the premises of any person responsible in any degree for the violation."

[3, 4] It is contended for the Commissioner, Prohibition Director, and Collector that this permit is limited to 50 gallons in 30 days. The words, "to use for the purposes specified in an application dated 2nd December, 1924," are the only reference in the permit from which is inferred a limitation upon the amount to be used, but I find in them no limitation of quantity. The application was for a permit to use on certain premises, "in the manufacture of toilet preparations, high grade toilet waters, and perfumes." Though the plaintiff's original estimate of quantity to be used was 600 gallons during a period of 30 days, this estimate was changed by a deputy collector to 50 gallons 39–B, and the application was marked by the Prohibition Director, "Approved for 50 gallons 39–B only." There is a conflict between the plaintiff and the deputy collector as to whether this change was authorized, but I regard this as immaterial. The petitioner did not voluntarily abandon his estimate, but gave bond in the sum of $3,000, which is the amount specified in article 114 of Regulations No. 61 to cover 426 to 650 wine gallons, and made a new application with the original estimate of 600 gallons, which was denied.

The only express limitation upon the petitioner's right to purchase contained in the provisions of article 114 is: "Manufacturers shall file bonds amply sufficient to cover their needs, and under no circumstances will they be permitted to purchase or receive specially denatured alcohol in excess of the quantity covered by the bond on file."

[5] While it may have been the intention to define or limit quantities in the application, the words contained in application form 1479, "it is estimated that ——— wine gallons of denatured alcohol will be used in the manner indicated during a period of 30 days," are insufficient to accomplish this, and the reference to the application to determine the purposes is also insufficient to constitute a limitation of the permit to use to a definite quantity.

[6] A departmental practice involving so important a matter as the use of alcohol in industries should not be hampered by inaccurate or loosely written instruments. Upon presentation of the permit to use, No. 72, issued to the plaintiff, which in my opinion has not been revoked, and the bond for $3,000 duly filed in pursuance of article 114, it became the duty of the Collector under article 115, Regulations No. 61, to promptly approve applications on form 1477 so that they should become permits for withdrawal of specially denatured alcohol.

Upon the assumption that the Collector, in issuing the permit to use and in refusing permits to withdraw, is performing acts which he has been authorized by the Commissioner to perform, and which in legal effect are decisions or findings of the Commissioner, the plaintiff is entitled to maintain his bill.

In view of the long delay, and of the arbitrary denial of the permit without a hearing, I am of the opinion that the plaintiff has an immediate right to a withdrawal permit to cover the difference between the amount of 50 gallons, which he has already withdrawn, and 600 gallons, which he applied for, and which he has covered by bond in accordance with regulations. A draft decree may be presented accordingly.