**MILILLO v. CANFIELD, Prohibition Director, et al.**

(Circuit Court of Appeals, Second Circuit. July 13, 1926.)

No. 389.

Intoxicating liquors ⬤⟳69—Refusal of permit to use denatured alcohol in desired quantity, based on applicant's lack of experience in business intended, held not abuse of discretion.

Refusal of permit to use 1,100 wine gallons of denatured alcohol in manufacture of various toilet waters every 30 days, on ground that applicant had no experience in that business, or prospective customers, and had invested only $2,500, *held* not abuse of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Vincenzo Milillo, doing business under the firm and style name of the Aqueduct Manufacturing Company, against Palmer Canfield, Prohibition Director, and others, to review denial of application for permit to use denatured alcohol. From a decree for plaintiff, defendants appeal. Reversed, without prejudice to renewal of application.

Emory R. Buckner, U. S. Atty., of New York City (C. D. Williams, Asst. U. S. Atty., of New York City, of counsel), for appellants.

Lewis Landes, of New York City, for appellee.

Before ROGERS, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. The decree herein sought to be reversed is based upon an agreed statement of facts. It appears therefrom that Milillo, on May 5, 1925, submitted to the collector of internal revenue an application for a permit to use specially denatured alcohol at 3110 Jerome avenue, New York, in the manufacture of various toilet waters, specifying the formula of the denaturing, with an estimate that 1,100 wine gallons would be so used during a period of 30 days. After investigation, the application was denied. Thereupon a bill to review the refusal was filed. Both parties rested on the file of the prohibition unit. The agreed statement of facts alleges that the material portions of this file appear in the opinion.

The opinion states that the application for a permit had been refused upon the ground that "the applicant has no knowledge of this line of business, and does not have any orders or contracts for his preparations"; that the only evidence to support this conclusion is the statement found in the report of two prohibition agents that Milillo has no knowledge of the business, has not manufactured any of his products under his allowance of 5 gallons S. D. A. on his application, nor made any efforts to secure orders or contracts; but the deputy collector reported that Milillo gave as a reason for not booking orders that they could make no promises to prospective customers, and that they have not secured alcohol for samples until they receive the permit; that he intends to have a chemist employed and to carry on a profitable business. As Milillo had invested $2,500 in the business, the deputy collector recommended approval. The District Judge found the premises procured for the business to be entirely suitable, and, holding that the refusal of a permit, solely for the reason that the applicant lacked personal experience, was arbitrary and unwarranted, decreed the issuance of the permit for the withdrawal of denatured alcohol to the extent of 1,100 wine gallons for each 30-day period in accordance with the application.

In view of the very broad discretion given to the Commissioner under the statute, as interpreted by the Supreme Court in Ma-King Products Co. v. Blair (June 1, 1926), 46 S. Ct. 544, 70 L. Ed. ——, we are unable to concur in the conclusion that a lack of experience in the business, combined with an investment of only $2,500, was sufficient evidence to indicate arbitrary action on the part of the Commissioner in denying the application as made. In these circumstances, the action of the Commissioner on the application as made should have been sustained, but without prejudice to a renewal thereof under any changed conditions, or to an application for a permit involving the use of such lesser amount monthly as the circumstances might warrant.

The decree must therefore be reversed, without prejudice to such renewal of the original application or to such other or further application to be made to the Commissioner.

ROGERS, Circuit Judge, concurred in this conclusion, but through illness has not been able to participate in the preparation of the opinion.