**STEIN v. ANDREWS, Asst. Secretary of Treasury, et al.**

Circuit Court of Appeals, Third Circuit.
March 7, 1928.

No. 3499.

**1. Intoxicating liquors ☞108(10)—Appeal from decision of Commissioner revoking permit to use alcohol is confined to record before Commissioner (National Prohibition Act, tit. 2, §§ 5, 9 [27 USCA §§ 14, 21]).**

Appeal before District Court from decision of Commissioner of Internal Revenue, in proceedings for revocation of permit to use alcohol, under National Prohibition Act, tit. 2, §§ 5 and 9 (27 USCA §§ 14, 21), is confined to the record made before the Commissioner.

**2. Intoxicating liquors ☞108(6)—Action of hearer in refusing continuance and proceeding to revoke permit for use of alcohol, during necessary absence of permittee's counsel in District Court, held error (National Prohibition Act, tit. 2, §§ 5, 9 [27 USCA §§ 14, 21]).**

In proceedings before hearer for revocation of permit to use denatured alcohol under National Prohibition Act, tit. 2, §§ 5 and 9 (27 USCA §§ 14, 21), refusal of hearer to continue the case on ground of required presence of permittee's counsel in District Court, and action of hearer in proceeding to revoke permit in the absence of permittee and his counsel, held, error requiring reversal.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Proceedings by Lincoln C. Andrews, Assistant Secretary of the Treasury and others, against Harry Stein, trading as the Jean Chemical Company, for the revocation of a permit authorizing the use of specially denatured alcohol. The decision of the Commissioner of Internal Revenue revoking the permit was affirmed by the District Court, and defendant appeals. Reversed with directions.

Bertram I. De Young and N. S. Winnet, both of Philadelphia, Pa., for appellant.

Richard H. Woolsey and Warren C. Graham, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This case arose on an order to show cause why the permit authorizing the appellant to use specially denatured alcohol should not be revoked on the ground that he, trading as Jean Chemical Company, diverted to illegal use twenty barrels of alcohol on March 19, 1925, and kept a false official record showing its receipt by him at his plant that day from the Swanson Chemical Company.

The Commissioner of Internal Revenue having reason to believe that the appellant was not in good faith conforming to the provisions of the National Prohibition Act, through his authorized agents, issued, on September 4, 1925, an order in accordance with section 9, tit. 2 of the act (27 USCA § 21), citing him to appear before Helen E. Jamieson, Esq., designated hearer, on September 22, 1925, to show cause why his permit should not be revoked. The case was "relisted for trial" for Tuesday, September 29, 1928. On that day Michael Serody, Esq., counsel for appellant, appeared and asked for a continuance on the ground that a case in which he was counsel had been set for trial that morning in the United States District Court for the Eastern District of Pennsylvania, in the post office, two squares away. The hearing had actually begun when Mr. Serody arrived. A change had just been made from daylight saving to Eastern standard time, and it is alleged that his lateness was due to a misunderstanding between him and the government as to whether the hearing would begin on standard or daylight saving time. The hearer absolutely refused to continue the case and counsel retired and appeared at the United States District Court, which is the appellate court for hearings before the commissioner in the Eastern district of Pennsylvania. The hearing pro-

ceeded in the absence of appellant and his counsel.

The hearer found that the appellant was guilty of diverting the alcohol as charged and entered an order revoking his permit.

Sections 5 and 9 of title 2 of the act (27 USCA §§ 14, 21) provide that, if the permit is revoked by the commissioner, "the permittee may have a review of his decision before a court of equity" "and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant." Accordingly the permittee appealed the finding of the commissioner that the twenty barrels of alcohol had been diverted to illegal use as charged and had not been actually received by him on that day, at his plant, 5738 Race street, Philadelphia, as appellant contends.

When the prohibition agents visited the appellant's plant that day, they found a number of empty barrels on the premises and about twenty barrels of alcohol in tanks. It appears that the alcohol is customarily transferred from the barrels to the tanks by means of a pump. The commissioner contends that with this pump it was impossible to transfer twenty barrels between 10 o'clock in the morning, when they were alleged to have been received, and 2 o'clock in the afternoon, when the prohibition agents arrived. The District Court states the question as follows:

"This record is filled with inadmissible statements which would seem to have passed muster as evidence. Two facts, however, remain as established. One is that twenty barrels of alcohol were shipped to this plant on March 19th. The other is that at 2 o'clock of that day they were not there in the containers in which they were shipped. The only escape from the inference of a violation of the law is in the fact that the alcohol had been transferred from the barrels in which shipped to the mixing tanks. There was evidence from which the trier might well draw the inference that this transfer could not have been made within the time which had elapsed with the facilities that were at hand. This justified inference is one the burden of overcoming which was thereby cast upon the permittee. With credible evidence before us that the transfer might have been made, we would unhesitatingly reverse the finding. This burden, however, the permittee has refused to assume. The consequence is that the inference drawn stands unchallenged. This means that, in the language of the National Prohibition Act, the order of revocation should be affirmed. This is accordingly done, and the bill of complaint dismissed."

The appellant contends that the alcohol in the tanks was the same twenty barrels which he received in the morning, and that not only could it have been, but actually was, transferred from the barrels to the tanks between 10 o'clock in the morning and 2 o'clock in the afternoon.

[1, 2] The appellant does not refuse to assume the burden of establishing this fact, but, on the contrary, is praying for an opportunity to do so. We are not concerned with the sufficiency of the evidence which he may produce, but we are concerned with whether or not he be given a reasonable opportunity to present it. It was intimated that appellant had this opportunity on appeal before the District Court, but such is not the case, for the appeal is confined to the record made before the commissioner. It is *his* "decision" of which the statute grants a review and that on the charge contained in the order. The record on which the commissioner bases his "decision" is made and fixed before it is taken to the District Court for a review. Otherwise, it could not be determined whether the action of the *commissioner* "is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious." Yudelson v. Andrews et al. (C. C. A. 3) 25 F.(2d) 80; Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; Ma-King Co. v. Blair, 271 U. S. 479, 483, 46 S. Ct. 544, 70 L. Ed. 1046. Consequently the only opportunity the appellant had to assume this burden, to present his evidence to show that the alcohol was actually transferred from the barrels to the tanks within the time he claims, was before the hearer at the very time counsel was cited to appear before the United States District Court. When the hearer refused to grant a continuance, and counsel was confronted with the conflict between this hearing and a trial in the District Court, he naturally chose to perform his duty in the court.

The result is that the appellant has been deprived of his day in court. He has not had an opportunity to present the evidence which he says will demonstrate that the same alcohol in question was actually transferred from the barrels to the tanks within the time he claimed it was. The denial by the hearer of a reasonable opportunity to the appellant to present this evidence brings the case within the principle announced by the Supreme Court in the above cases, which requires a reversal of the decree.

Accordingly, the decree is reversed, with directions to reinstate the bill and return the

record to the commissioner, with instructions to give the permittee a reasonable opportunity to present the evidence upon which he relies to rebut the charges made against him.