**DE MILO PERFUME CO., Inc., v. CAMPBELL, Prohibition Administrator, et al.**

District Court, S. D. New York. July 9, 1928.

1. **Intoxicating liquors ⊜➾106(1)—Prohibition commissioner had power to revoke permit required by law under which he was authorized to exercise powers (5 USCA §§ 281–281e; National Prohibition Act, tit. 3, § 13 [27 USCA § 83]).**

Under Act March 3, 1927, 44 Stat. 1381 (5 USCA §§ 281–281e), and executive order of Acting Secretary of the Treasury, promulgated April 1, 1927, authorizing exercise by prohibition commissioner of powers formerly exercised by the Commissioner of Internal Revenue, under National Prohibition Act, tit. 3, § 13 (27 USCA § 83), prohibition commissioner had power to revoke permit required by regulations promulgated under such section.

2. **Intoxicating liquors ⊜➾108(10)—Action of prohibition commissioner in revoking permit to use specially denatured alcohol in manufacture of perfumes is reviewable in federal court (National Prohibition Act, tit. 2, §§ 5, 9 [27 USCA §§ 14, 21]).**

Revocation of permit to use specially denatured alcohol in the manufacture of perfumes being governed by the National Prohibition Act, tit. 2, § 9 (27 USCA § 21), the action of the prohibition commissioner in revoking the permit is reviewable in the federal court in manner provided by section 5 (27 USCA § 14).

At Law. Action by the De Milo Perfume Company, Inc., against Maurice Campbell, Prohibition Administrator for the Second Judicial District of New York, and another. Complaint dismissed.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City, for defendant.

THACHER, District Judge. [1, 2] The charges upon which plaintiff's permit to use specially denatured alcohol in the manufacture of perfumes was revoked were amply sustained by the evidence. It is, however, contended that the Commissioner of Prohibition was without power to revoke the permit. By virtue of the Act of March 3, 1927, c. 348, 44 Stat. L. 1381 (5 USCA §§ 281–281e), and the executive order of the Acting Secretary of the Treasury, promulgated April 1, 1927, the powers formerly exercised by the Commissioner of Internal Revenue, pursuant to section 13 of title 3 of the National Prohibition Act (27 USCA § 83), are now exercised by the Commissioner of Prohibition. The permit here in question is not required by statute, but by the regulations promulgated under section 13 of title 3. Rock v. Blair (D. C.) 13 F.(2d) 1004. The revocation of such permits is, however, governed by section 9 of title 2 (27 USCA § 21) and the action of the Commissioner in revoking the permit is reviewable in this court in the manner provided in section 5 of title 2 (27 USCA § 14). Remick Products v. Mills (C. C. A.) 22 F.(2d) 477; Milillo v. Canfield (C. C. A.) 14 F.(2d) 113. These decisions are not in any way inconsistent with Higgins v. Foster (C. C. A.) 12 F.(2d) 646, where the provisions of section 9 were held applicable to a permit to manufacture denatured alcohol.

The action of the Commissioner in revoking the permit was not unlawful, arbitrary, or capricious, and, there being ample evidence to support his conclusions, the complaint must be dismissed, with costs.

---

**In re FEROZ DIN.**

District Court, N. D. California, S. D., at San Francisco. May 23, 1928.

No. 12501.

**Aliens ⊜➾61—Afghan held not "white person," nor of "African nativity or descent," within naturalization laws (8 USCA § 359).**

A typical Afghan and a native of Afghanistan *held* not a "white person," nor one of "African nativity or descent," and hence not subject to naturalization, under 8 USCA § 359.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, White Person, Second Series, African Descent.]

Naturalization Proceeding. Application for naturalization of Feroz Din. Petition denied.

BOURQUIN, District Judge. This applicant for citizenship is a typical Afghan and a native of Afghanistan. He is readily distinguishable from "white" persons of this country, and approximates to Hindus. The conclusion is that he is not a white person, nor of African nativity or descent, to whom naturalization in general is limited by section 359, title 8, U. S. C. (8 USCA § 359).

Accordingly his petition is denied. This action is required by the principle of United States v. Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616, and much of the comment in that case is applicable to this. What ethnologists, anthropologists, and other so-called scientists may speculate and conjecture in respect to races and origins may interest the curious and convince the credulous, but is of no moment in arriving at the intent of Congress in the statute aforesaid.

Decree accordingly.