SOLAX DRUG CO., Inc., v. DORAN, Prohibition Commissioner, et al.

Circuit Court of Appeals, Third Circuit. June 20, 1928.

No. 3797.

Intoxicating liquors ⬦⇒71—Refusal of application for increased withdrawal of denatured alcohol sold single customer, whose connection with applicant was not satisfactorily explained, was authorized.

Under evidence which showed that entire product of drug company having permit to sell denatured alcohol was sold to single purchaser, described as selling agent, Commissioner had authority to decline increase in withdrawals, where evidence as to connection between applicant and customer was not satisfactory.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

Application by the Solax Drug Company, Inc., for an increased allowance under permit for the use of denatured alcohol. The application was refused by James M. Doran, Prohibition Commissioner, whose action was approved by the District Court, and applicant appeals. Affirmed.

Michael Serody and Benjamin M. Golder, both of Philadelphia, Pa., for appellant.

Warren C. Graham, Howard Benton Lewis, and Richard Hay Woolsey, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. This case brings for review the dismissal by the court below of a bill in equity, brought to reverse the action of the Prohibition Commissioner, who disapproved the application of the Solax Drug Company, Inc., a permit holder, for an increase from 3,500 to 8,500 gallons per month. After such refusal by the Commissioner, a hearing was had, wherein proofs were taken, and the Commissioner's action was approved. The alleged errors center around questions of fact, which were summarized in the opinion of the court below, viz.:

"It is, of course, obvious that, where a permittee's entire product is and always has been sold to a single purchaser, whom the permittee describes as its selling agent, the situation is open to the suspicion that the permittee is simply selling to itself and using the fiction of a demand from its customer as a basis for attempting to increase its permitted withdrawals. This was the construction which the Commissioner placed upon the situation presented to him by this application.

"It is not unreasonable, where the circumstances are such as disclosed by this record, for the Commissioner to require the applicant to present full information as to the person with whom he is doing and proposes to continue to do business as his sole customer, and to require him to explicitly define the exact nature of the connection between him and his customer. The evidence actually presented to the Commissioner in this case upon these points is unsatisfactory."

Finding no error on the part of the court below, its decree of dismissal is affirmed.