**QUALTOP BEVERAGES, Inc., v. McCAMP-BELL, Acting Prohibition Administrator for Western Judicial District of New York.**

Circuit Court of Appeals, Second Circuit. March 4, 1929.

No. 183.

Doyle & Corcoran, of Rochester, N. Y. (Joseph P. Doyle, of Rochester, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). This appeal raises the question of the nature of the judicial proceeding authorized by the National Prohibition Act, when a permittee thinks himself aggrieved by the Commissioner's revocation of his permit. Is it a trial de novo, in which new evidence may be adduced and the court determine for itself the propriety of the revocation, or is it merely a review of the proceedings had before the Commissioner, to determine whether he exercised legally the discretion vested in him by the Act?

In Remick Products v. Mills, 22 F.(2d) 477, 480, we said: " * * * We do not consider the evidence adduced at the hearing before the District Judge, for we think the right to revoke the permit was dependent upon the testimony before the Commissioner or his agent. Section 9 merely grants a right of review of proceedings before the Commissioner; it does not contemplate taking new testimony."

That decision was based upon Ma-King Co. v. Blair, 271 U. S. 479, at page 483, 46 S. Ct. 544, 545 (70 L. Ed. 1046), where it was said: "On the other hand, it is clear that Congress, in providing that an adverse decision of the Commissioner might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted, but that this provision is to be construed, in the light of the well established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See Silberschein v. United States, 266 U. S. 221, 225 [45 S. Ct. 69, 69 L. Ed. 256], and cases cited."

While the Ma-King decision involved a judicial review under section 6 (27 USCA § 16) of the refusal by the Commissioner to grant an application for a permit, the principle announced is equally applicable to a suit under section 9 to review the revocation of a permit. It is conclusive as to the character of the judicial review. See, in accord, Yudelson v. Andrews, 25 F.(2d) 80 (C. C. A. 3); Stein v. Andrews, 25 F.(2d) 281 (C.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for appellant.

C. A. 3); Senger Drug Co. v. Mellon, 20 F. (2d) 1000 (D. C. E. D. Ill.); Smith v. Foster, 15 F.(2d) 115 (D. C. S. D. N. Y.). Consequently it was error to receive in evidence the record of the criminal trial. The complainant's acquittal subsequent to the revocation hearing was utterly irrelevant to the issue before the court, namely, whether the action of the Commissioner was based upon an error of law, or wholly unsupported by the evidence, or clearly arbitrary.

The other evidence for the complainant consisted of testimony by its attorney to the effect that after the acquittal the prohibition administrator orally agreed to reopen the revocation hearing, but he retired from office before his agreement was carried out, and his successor, the appellant, had refused to do so. This evidence, so far as it related to events subsequent to the administrator's revocation of the permit, was likewise irrelevant to the issue before the court. If the administrator, or the hearing officer while the hearing was still going on, had agreed to allow the permittee subsequently to offer evidence, in consequence of which the permittee had refrained from presenting evidence, and if thereafter, contrary to such agreement, the administrator had rendered his decision revoking the permit, before the permittee had been given an opportunity to offer evidence, we should be disposed to hold that no fair hearing had been accorded the permittee, and that the administrator's action was arbitrary or capricious. See Stein v. Andrews, supra.

But we do not understand the record to present such a situation. The bill of complaint contains no allegation which suggests a charge of unfairness in the hearing. The appellant's attorney asserted before the trial judge that the complainant rested its case on the revocation hearing, without offering any evidence or reserving any right to do so in the future. The only contradictory suggestion which we find is in Mr. Doyle's testimony respecting a conversation between the hearing officer and Mr. Erwin, who represented the permittee at the revocation hearing. Mr. Doyle testified: "I would not say that he absolutely reserved the right, but it was my understanding from the conversation he had at that time with Mrs. Lee, the revocation judge, that he intended to do that and I think she understood that."

On the other hand, the letter of June 9, 1927, requesting that the hearing be reopened, contains no suggestion that complainant had reserved any such right, and the reply of the prohibition administrator to that letter expressly states that no such right was reserved, but that the complainant waived the submission of evidence at the hearing, because it preferred not to disclose it until the criminal trial. We fail to find, therefore, any reason for disturbing the administrator's action in revoking the permit.

The decree is reversed, and the cause remanded, with costs to the appellant.