**DRISCOLL v. CAMPBELL, Federal Prohibition Adm'r, et al.**

Circuit Court of Appeals, Second Circuit.
June 10, 1929.

No. 279.

282

Lewis Landes, of New York City, for appellant.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and John E. O'Neill, Senior Atty., Bureau of Prohibition, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ▮ It is urged by the appellees that, regardless of the merits, dismissal of the bill should be affirmed because the District Court was without jurisdiction. The argument is that jurisdiction must be derived, if at all, from the third paragraph of section 6, title 2, of the Prohibition Act (41 Stat. 310 [27 USCA § 16]); that, according to Higgins v. Foster, 12 F.(2d) 646 (C. C. A. 2), the first two paragraphs of that section do not include denatured alcohol, because it is not "liquor" within the statutory definition; and that, since the permits referred to in the first two paragraphs are confined to permits relating to "liquor," the references to permits in the third paragraph, which are couched in no broader language, must be similarly confined.

While the argument has force, it cannot prevail over other considerations. The third paragraph of section 6 reads as follows: "The Commissioner may prescribe the form of all permits and applications and the facts to be set forth therein. Before any permit is granted the commissioner may require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit and the provisions of this title. In the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the manner provided in section 5 hereof."

This language is inclusive enough to embrace any sort of permit which the commissioner is authorized to issue. If it be confined to permits relating to "liquor" in the statutory sense, then there is no provision in the statute allowing judicial review of the commissioner's refusal to grant a permit for the use of denatured alcohol. It does not seem likely that Congress would wish to differentiate in this respect between the different classes of permits which the Commissioner is authorized to grant. No reason is suggested for such a differentiation. Moreover, we have recently held that title 2, section 9 (27 USCA § 21), which relates to revocation of permits, applies to the revocation of permits to use denatured alcohol. Elsinore Perfume Co. v. Campbell (C. C. A.) 31 F. (2d) 235, cert. denied June 3, 1929 (49 S. Ct. 512, 73 L. Ed. ——); accord, Stein v. Andrews, 25 F.(2d) 281 (C. C. A. 3).

The language of section 9 is no more in-

clusive than that above quoted from section 6. In numerous cases it has been assumed that section 6 does authorize a review of the Commissioner's action in respect to permits for denatured alcohol. Milillo v. Canfield, 14 F.(2d) 113 (C. C. A. 2); Rock v. Blair, 13 F.(2d) 1004 (D. C. S. D. N. Y.); Solax Drug Co. v. Doran, 27 F.(2d) 522 (C. C. A. 3); Doran v. Eisenberg, 30 F.(2d) 503 (C. C. A. 3); Gautieri v. Sheldon, 7 F.(2d) 408 (D. C. R. I.); Quaker Industrial Alcohol Corp. v. Blair, 19 F.(2d) 235 (D. C. E. D. Pa.). In Ma King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046, the Commissioner's refusal to grant a permit to operate a denaturing plant was reviewed by the Supreme Court, without any question as to the court's jurisdiction, though the only statutory provision on which jurisdiction could rest is that portion of section 6 now under consideration. We conclude, therefore, that the contention that the District Court lacked jurisdiction must be rejected.

On the merits little need be said. The Commissioner indicated that he was not willing to trust the plaintiff with so large a monthly withdrawal. The plaintiff's associates did not inspire confidence. That the Commissioner was willing to leave unchallenged his permit for 100 gallons does not demonstrate that he was worthy of confidence for whatever amount he might ask. We cannot say the Commissioner's action was so arbitrary or capricious that a court should reverse it. Ma King Products Co. v. Blair, supra.

Judgment affirmed.