**LOU–VAL CO., Inc., v. WYNNE, Prohibition Adm'r et al. (two cases).***

Circuit Court of Appeals, Third Circuit.
August 27, 1929.

Rehearing Denied October 7, 1929.

Nos. 4046, 4047.

B. I. De Young, of Philadelphia, Pa., for appellant.

George W. Coles, U. S. Atty., and Richard H. Woolsey, both of Philadelphia, Pa., for appellees.

Before WOOLLEY, Circuit Judge, and GIBSON and McVICAR, District Judges.

*Rehearing denied October 7, 1929.

I. Mandamus Case.

GIBSON, District Judge. ▮ Under the regulations of the Prohibition Bureau, it is plain that the burden of determining the propriety of an alcoholic constituent to be used in the manufacture of any proposed product is placed upon the Commissioner of Prohibition, while the duty of passing upon the fitness of an applicant for a permit to use alcohol in his business is imposed upon the Administrator. The question in the present case is whether the Administrator, having determined that an applicant was a fit person to hold a permit for the use of alcohol in a certain line of business, is required by law and regulation to amend the original permit in case the Commissioner of Prohibition has approved formulas for other and quite different products proposed to be manufactured by the person so originally approved. If the Administrator is required by law and regulation to make such amendment, then the judgment of the court in the mandamus case was erroneous; otherwise, the judgment was correct.

It may be that the practice of the Department, prior to the refusal of the Administrator at Philadelphia to amend the permit in the instant case, was to regard the amendment, after approval of the formulas, as a matter of course. We gathered this impression, however, by reading between the lines and not from any specific testimony in the record. See Exhibit No. 2, case No. 4046, letter from the Prohibition Administrator, by a subordinate, to the appellant. Unassisted by any testimony showing the practice of the Department, we are confined to our own interpretation of article 113 of Regulations No. 3, which reads, in part, as follows: "In the event of increased or decreased withdrawals, or of approval of additional preparations for manufacture either with formulæ of specially denatured alcohol already authorized or with new formulæ, notation of the changes must be made by the Administrator on the permit which must be returned to him for this purpose."

This language, it is evident, was not carefully considered at the time the regulation was adopted. Upon casual reading it seems to make amendment of the manufacturer's permit a mere ministerial duty upon the part of the Administrator. Read in conjunction with the preceding regulation, No. 112, one gathers the impression that the regulation required the submission of the matter to the Administrator, not merely for the purpose of performing a purely ministerial act of amendment, but for his investigation and

approval in case all lawful conditions had been met by the applicant. Section 112 requires, among other things, investigation as to the character of the applicant, as to the necessity of the business in a particular community, and as to the possession by the applicant of the equipment necessary to carry on the proposed business. Although it would appear that some of the requirements of section 112 may be unreasonable and illegal, nevertheless the requirements must be considered in passing upon the meaning of section 113. It is plain that some of the duties placed upon the Administrator by section 112 had not been performed in event he were required to amend the original permit where formulæ for products entirely different from the original article had been approved by the Commissioner.

In short, it is our conclusion that law and regulation have not placed upon the Administrator the ministerial duty of amending the permit in case the Commissioner has approved formulas for new and distinct products proposed to be manufactured by an original permit holder. This conclusion is tantamount to the approval of the action of the lower court in dismissing the petition for a writ of mandamus.

## II. Petition for Review.

The Administrator, after approval by the Commissioner of additional formulas submitted by the permit holder, refused to amend the permit and thereby enable the permit holder to manufacture the articles set out in such formulas. This, in the first instance, he did without affording any hearing to the applicant for amendment of the permit. In this refusal without hearing, in our opinion, the Administrator was acting beyond his powers. However, upon the matter being taken before the District Court for review, upon suggestion of the court it was again referred to the Administrator, who then proceeded to give the applicant a hearing. The petition to amend was then refused, and the District Court, upon review, affirmed the refusal. The principal part of the testimony offered at the amendment hearing was the record of the testimony taken at a hearing held several years before, wherein the question involved was the proposed revocation of the original permit of the appellant.

Pursuant to the hearing last mentioned, the permit of the present appellant had been revoked. Upon review the revocation was set aside by the District Court. The reason for the reversal of the Administrator's action by the court is found in the lower court's opinion in the present case [29 F.(2d) 408] wherein it is stated that the testimony taken at the revocation hearing was not attached to the record nor offered in the hearing upon review. It is submitted on behalf of the appellant that the reversal of the revocation order is res adjudicata, and that the matter cannot be opened in any way, direct or collateral. It is maintained by the applicant's counsel that the reversal was an adjudication of the fitness of the present appellant to then hold its permit, and that such fitness cannot be attacked otherwise than by new revocation proceedings based upon new violations of law or regulations. This position is sound in part. Undoubtedly the Administrator could not revoke the original permit by the production of the testimony originally offered at the prior revocation hearing. But that is not the action undertaken by the Administrator in the present case. No attack is made upon the original permit. The claim of counsel for the appellant in the present instance is that such testimony may be considered by the Administrator in passing upon its application for amendment of its permit.

It is claimed on behalf of the Administrator that the appellant was seeking to enter a business entirely distinct from that in which it was originally engaged, and that such being the fact, was in effect seeking a new permit; that in passing upon said application, the Administrator had the right to consider, and should consider, any testimony which affected the character of the applicant and his fitness to carry on such new business. In this contention, we find ourselves in agreement with the Administrator. Assuming the right of the Administrator to pass upon the fitness of the applicant, after approval of the latter's formulæ by the Commissioner, he had the right to consider testimony affecting the character of the applicant as a proposed permit holder, even though the testimony related to such character several years prior to the date of application. True, some question might be raised as to the form of the testimony; that is, that the subject-matter was offered as a record of the testimony taken rather than by the production of witnesses in the present hearing. It must be remembered, however, that proceedings before the Administrator, or his delegated hearer, are not of such formal nature as the proceedings of a court. The main question for a court upon review of an Administrator's hearing upon application for a permit is whether or not that officer had ground for his refusal of the permit, or was acting contrary to law, or arbitrarily or capriciously. A properly identified record of testimony taken at a prior hearing, when offered in evidence, might fur-

nish such ground. This last statement would not be correct, however, in event that the court had passed upon the weight of that testimony as such and had adjudged it to be insufficient in law to establish violations of law or regulations upon the part of the permit holder.

The testimony taken in the revocation hearing, and offered in the hearing of the petition for amendment of the permit, furnished a sufficient basis for the Administrator's refusal to amend and extend the permit.

The judgment should be sustained.