**ROMEO v. CAMPBELL, Federal Prohibition Administrator, et al.**

Circuit Court of Appeals, Second Circuit. November 4, 1929.

No. 40.

Lewis Landes, of New York City, for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellees.

Before L. HAND, SWAN, and MACK, Circuit Judges.

MACK, Circuit Judge. Appeal from a decree dismissing a bill to review the action of defendant appellees in revoking plaintiff appellant's permit to use specially denatured alcohol.

On May 31, 1928, the Prohibition Administrator sent to plaintiff by registered mail a citation to appear before a designated departmental hearer on June 15, 1928, to show cause why his permit should not be revoked on the ground of unlawful diversion. This citation was received by plaintiff on June 1st. At the hearing, held June 15th, he waived a reading of the citation, but objected to the proceedings on the ground that the citation had provided only 14 days notice, exclusive of the day of service, contrary to section 9, title 2, of the National Prohibition Act (27 U. S. C. § 21 [27 USCA § 21]), which requires that the Commissioner issue an order "citing such person to appear before him on a day named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation. * * *" The hearer denied the motion "at this time," and it was not subsequently renewed.

To prove the alleged diversion the government offered two agents, who testified that, acting under specific instructions, they had on April 3, 1928, taken a concealed position opposite plaintiff's establishment and some 55 yards distant therefrom, that they had kept the premises under surveillance from 7:45 a. m. to 7:15 p. m., and had kept a careful record of everything that occurred; and that during the course of that day no alcohol had been delivered to plaintiff. Two other agents testified that they had inspected plaintiff's records, which showed the receipt on April 3d of 150 gallons of alcohol.

Plaintiff testified that, about 3 p. m. on the day in question, three barrels of alcohol were delivered to him; that while they were being unloaded a police officer appeared, and requested both him and the driver to exhibit their permits; and that he had utilized the alcohol in question for proper manufacturing purposes. Tessalone, the driver of the truck which plaintiff claimed made the delivery, testified to the time and manner of such delivery, and corroborated the fact of inspection of his permit. A police officer, called by plaintiff, testified that on April 3d he had seen the delivery being made about 3 o'clock, and that he had inspected the permits of both plaintiff and the driver. The fact of delivery was also sworn to by an employee-friend of plaintiff, who stated that she was present and employed on the premises at the time.

At the close of the hearing, plaintiff's motion for a dismissal on the merits was denied. The departmental hearer reviewed the evidence, and stated that, with the exception of the police officer's testimony, he was not impressed by the stories of plaintiff's witnesses, and that it was a question of believing either the agents or the disinterested officer. He reasoned, and so stated, that, inasmuch as the agents had testified to negative facts and the officer to positive occurrences, he was inclined to believe the latter, and accordingly recommended dismissal of the citation.

The Prohibition Administrator independently reviewed the evidence, and, declining to follow his hearer's recommendation, ordered the permit revoked on the stated grounds that the detailed accounts of the agents indicated the general trustworthiness of their testimony; that he agreed with his hearer in discrediting the stories of plaintiff's witnesses, particularly Tessalone, the driver whose testimony he had found it necessary to reject

706

in three other similar cases; and, finally, that since the two agents had been specifically assigned to observe and note the receipt of this particular shipment of alcohol, and inasmuch as he had absolute confidence in their character and loyalty, he preferred their testimony to that of the officer.

Following an unsuccessful appeal to the Prohibition Commissioner at Washington, plaintiff brought a bill in the District Court to annul the revocation. The court ruled that plaintiff's failure to request an adjournment or additional time in which to offer evidence constituted a waiver of the defect in the citation, that the administrator was not bound to follow the recommendation of his hearer, and that the record disclosed sufficient evidence to support the findings of the administrator.

On this appeal, plaintiff contends that the provisions of the act requiring that the permittee be given 15 days notice are mandatory, that, while the Commissioner may delegate his duties to a subordinate, he is bound by the findings of such subordinate, and that, even assuming that he is not so bound, there was no legal evidence in the record itself to support the conclusion of the administrator.

Defendants contend that, by going ahead on the merits, plaintiff waived the defect in the citation, that the administrator can disregard the recommendation of his hearer, and that there was ample evidence in the record to sustain the administrator's conclusions.

■■ (1) The statutory requirement of 15 days' notice is clearly not jurisdictional, but may be waived. What constitutes a waiver depends in part upon the purpose of the statute. The permittee is cited to appear in order to defend; the purpose of the notice provision is, not that in the citation itself he should be called upon to appear in "not less than 15 days," but that he should be given that length of time in which to prepare himself, and that, if he objects, the hearing should not take place before 15 days. Consequently, we do not deem it mandatory or vital that the notice itself should specify a date for the hearing at least 15 days ahead: what is essential is that, unless the time requirement is waived, the hearing itself should not take place in less than 15 days.

■ Where the permittee has not been given sufficient notice, he may appear and request additional time. If the hearer refuses such request, proceeding with the hearing would not constitute a waiver. In the instant case, however, an adjournment was not asked. The permittee moved to dismiss, not to continue; and, when this motion was denied, he

went on with the case. This, in our judgment, amounted to a waiver. Moreover, the initial motion was not denied absolutely, but only temporarily, and could therefore have been renewed. At the close of the hearing, plaintiff again moved to dismiss on the merits, without asking for additional time or opportunity to defend, and thus again waived the notice defect.

■ (2) Plaintiff's contention that the administrator was bound by the findings of his subordinate cannot be accepted. As pointed out in Yudelson v. Andrews, 25 F.(2d) 80 (C. C. A. 3d), in connection with a hearing on an application for the issuance of a permit, such an administrative hearing is not a trial. It is merely a means whereby the administrator secures the facts upon which to base a judgment. It is purely advisory, and somewhat similar to the findings of a special master in equity, the recommendations of a referee in the matter of a bankrupt's discharge, or the findings of a commissioner in admiralty. The entire practice of the department indicates, and there is nothing in the statute which prohibits such practice, that the evidence taken before the hearer and the latter's recommendations thereon may be made the basis of an independent examination by the Commissioner, from which he can draw his own conclusions.

■■ (3) While there may be situations in which the complete rejection of the hearer's findings, based solely upon his views, after seeing and hearing the witnesses, as to their relative credibility, would amount to arbitrary action on the part of the administrator, this problem is not presented by the instant case. The hearer himself discredited all but the policeman's story, and preferred that, as he stated, not because he believed the agents' testimony wilfully false, but because he thought their testimony was negative evidence, and therefore entitled to less weight than the affirmative testimony of the policeman. While there may be some basis for the rule that positive evidence must always be given more weight than negative (see Wigmore, Evidence, § 664), it is clearly inapplicable to the instant case. The agents were specifically assigned, with advance knowledge, to watch for the shipment of alcohol; they were observers on the alert for a negative as well as a positive result, and their report of the non-occurrence of the act they were there to look for is as positive evidence as that of the policeman. See Admissibility and Probative Value of Negative Evidence, 42 Harvard Law Review, 422, 425. The administrator was clearly correct in pro-

ceeding on this theory; his conclusion, moreover, was amply supported by the evidence. In the absence of some vital error, it cannot be judicially annulled. Qualtop Beverages, Inc., v. McCampbell, 31 F.(2d) 260 (C. C. A. 2d).

(4) In stating the reasons for his result, however, the administrator went beyond the record, and offered as an additional reason for disbelieving Tessalone, the driver, the fact that in several other similar cases his testimony had been thoroughly contradicted by reliable agents. This was error, since such facts had not been brought out at the hearing, and plaintiff had had no opportunity to rehabilitate his witness. A judgment founded upon such extraneous information, of which the permittee had no notice or opportunity to controvert, might well be an abuse of discretion. But we are entirely clear that on the record before us such error was wholly immaterial. The hearer, who heard Tessalone testify, stated that he was not impressed with his story. Based on this opinion alone, the administrator's finding to the same effect would not be overturned. That he went on and offered additional reasons for his disbelief of the witness cannot affect the result, and such further statements may be disregarded as surplusage. Any other result would place a penalty upon candor.

Decree affirmed.