HERRMANN v. DORAN, Com'r of Industrial Alcohol.

No. 2634.

District Court, N. D. California, S. D.

Feb. 19, 1931.

Edmond F. Maher, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., I. M. Peckham, Asst. U. S. Atty., and Edgar R. Bonsall, Atty., Bureau of Prohibition, all of San Francisco, Cal., for respondent.

KERRIGAN, District Judge.

This is a petition for a review of the action of the Supervisor of Permits in refusing petitioner's application for an increased allowance of alcohol and wine under an existing basic permit. Petitioner is engaged in the manufacture of certain nonbeverage compounds under approved formulæ. The basic permit for 1930 held by him when suit was filed allowed him 100 wine gallons of alcohol and 3,000 gallons of wine. The history of this permit will be referred to later. On March 11, 1930, application was made for an increase of the allowance to 3,000 wine gallons of alcohol and 30,000 gallons of wine. There was considerable delay in passing upon this application, and petitioner finally filed a bill, June 4, 1930, asking that failure to pass upon the application be deemed a denial thereof, and seeking a review of this denial. The following day, no hearing having been had, the Prohibition Administrator disapproved the application, whereupon petitioner filed his amended bill upon the basis of which all subsequent proceedings have gone forward. After joinder of issue the case was referred to the local Supervisor of Permits to hold a hearing upon petitioner's application of March 11, 1930, the procedure followed being that adopted in Smith v. Foster (D. C.) 15 F. (2d) 115. The Supervisor has concluded that petitioner is not entitled to the increase sought and the matter is now before me upon motion to review this decision.

It has been agreed between counsel that the issue now before me is whether or not the permit for the increased allowances sought should issue, and not whether the original disapproval of the application, June 5, 1930, was unwarranted. In determining this question I have examined the voluminous transcript of the testimony before the Supervisor with great care and have come to the conclusion that petitioner has not sustained the burden of proof to establish the reasonable necessity for the increase sought, which was upon him.

It appears that petitioner, Herrmann, has been for some years engaged in the manufacture of various nonbeverage products using alcohol as an ingredient. Prior to 1930 the basic permit issued to him permitted the use of alcohol only and made no reference to wine. Under this permit he prepared various tonics and extracts, but made no wine tonics. As attorney in fact for another, however, and under a different basic permit, he made and sold a wine tonic known as "Vin Zymo," which was apparently widely sold and from which he received considerable profit. In September, 1929, a revision of formula for this tonic became necessary, chiefly because of a new regulation requiring that all such tonics contain at least 30 per cent. solids. He procured this revision and at the same time procured a permit for himself for the manufacture of a wine tonic to be called "Old Abbey Wine Tonic" with a formula identical with the new Vin Zymo formula, a proceeding which resulted in the revocation by the owner of the Vin Zymo formula of Herrmann's power of attorney. Earlier in that month Herrmann had applied for a renewal of his own basic permit for alcohol, asking for 6,400 proof gallons, the amount allowed him in 1929. January 1, 1930, his permit for that year was issued to him, calling for 100 wine gallons of alcohol. Prior to its issuance he had had a conference with the Prohibition Administrator, who had informed him that the basic permits were being cut down as a matter of policy, but that increases would be granted as need was shown. No protest was made by Herrmann upon this drastic reduction. Shortly afterwards he applied for the addition of an allowance of 6,000 gallons of wine to his permit, and 3,000 gallons were allowed. This was the first allowance of wine under Herrmann's own permit. He had made no "Old Abbey" tonic up to this

time, and commenced its manufacture on or about February 10, 1930. The permit for the sale of this product was "limited," i. e., restricted petitioner to sales to wholesale druggists, whereas his permit for Vin Zymo allowed him to sell to grocers, etc., and was unlimited. After 29 days of manufacture of "Old Abbey" tonic, the application for increase with which we are concerned was filed.

It is apparent that petitioner was required to establish his needs in what was essentially a new business, so far as the Old Abbey tonic was concerned. Lou-Val Co. v. Wynne (C. C. A.) 34 F.(2d) 721. It is also to be considered that the fact that petitioner's right to a basic permit for 100 wine gallons of alcohol and 3,000 gallons of wine was unchallenged does not demonstrate that he is worthy of confidence for whatever amount he may ask. Driscoll v. Campbell (C. C. A.) 33 F.(2d) 281. This is particularly true where the permit authorities have agreed to grant increases shown to be reasonably necessary.

The difficulty here is with petitioner's showing. A mere statement of needs based upon optimistic estimates as to the growth of business is not sufficient. Nor are comparisons based upon petitioner's past experience with another wine tonic (Vin Zymo), of established trade-name, lighter medication, a lower percentage of solids, sold under an unlimited permit affording a wider market, of any appreciable weight in fixing the present need. The evidence as to the disposition of petitioner's product during the brief period prior to this application is equally unsatisfactory as a basis for fixing petitioner's requirements, as it appears that the major portion of this disposition was by consignment to various wholesalers and not by outright sales. Quaker Industrial Alcohol Corporation v. Blair (D. C.) 19 F.(2d) 235. It further appears that the consigned product was not finding a ready market. In other words, this evidence did not establish a bona fide market for Old Abbey tonic. On this state of the evidence the Supervisor of Permits was warranted in holding that petitioner had not established his right to an increase of allowance of liquors for use in making Old Abbey tonic.

His conclusion in this regard is reinforced by the presence in the record of evidence which need not be reviewed in detail tending to show that petitioner had conducted his operations in the past in such a way as to justify putting him to strict proof of the necessity for increased allowances.

Some mention is made in argument of a supposed admission, by failure to deny in the answer on file, of the necessity for an increase in petitioner's alcohol allowance for use in the manufacture of other compounds than Old Abbey tonic. In view, however, of the fact that the reference of this matter to the Supervisor of Permits was for a hearing upon the application of March 11, 1930, I view the state of the pleadings in this regard as immaterial. The proof offered by petitioner as to his need for alcohol in the manufacture of Old Abbey tonic is open to the objections mentioned above. The proof as to his requirements in the manufacture of other products is likewise insufficient.

In holding that the applicaton made by petitioner was properly denied, I do not determine that he may not be entitled to an increase upon a proper showing; indeed, the authorities have virtually agreed that properly proved increased needs will be supplied. This order is made without prejudice to other and further applications for increased allowances to the proper authorities.

The decision of the Supervisor of Permits is affirmed. Judgment for defendant, with costs.