# MA-KING PRODUCTS COMPANY *v.* BLAIR, COMMISSIONER.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 333. Argued May 7, 1926.—Decided June 1, 1926.

1. Under the Prohibition Act, the Commissioner of Internal Revenue may refuse to grant a permit to deal in liquor for non-beverage purposes when, in the exercise of a sound discretion, he determines that the applicant is not a fit person to be trusted with the privilege. P. 481.

2. In a suit in equity, under the Prohibition Act, to review a decision of the Commissioner refusing such an application, the court does not exercise the administrative function of determining whether the permit should be granted, but merely determines whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence, or clearly arbitrary or capricious. P. 482.

3 Fed. (2d) 936, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court dismissing a bill in a suit against the Commissioner of Internal Revenue to require him to issue to the plaintiff a permit to operate a plant for denaturing alcohol.

*Mr. B. D. Oliensis,* with whom *Mr. Charles L. Guerin* was on the brief, for appellant.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. John J. Byrne,* Attorney in the Department of Justice, were on the brief, for appellee.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This is a suit in equity brought by the Ma-King Products Company, a corporation, in the Federal District

Court for Western Pennsylvania, against the Commissioner of Internal Revenue. The bill alleged that the Company had duly made application to the Commissioner, in accordance with the National Prohibition Act [1] and regulations, and accompanied by a proper bond, for a permit to operate a plant for denaturing alcohol; and that, while under the law the Commissioner was authorized to grant such a permit, he had " arbitrarily, illegally and without any reason or warrant in law or in fact " disapproved the application and refused to issue the permit. The prayer was that the court review the Commissioner's action, reverse his findings as to fact and law, and direct him to approve the application and grant the permit.

The Commissioner answered, denying that he had acted arbitrarily and illegally in disapproving the Company's application; and, alleging that, as the result of an investigation conducted by his agents, he was informed that the president and secretary-treasurer of the Company were not individually, or as its officers, " entitled to be entrusted with a permit of the nature and kind set forth in the application," under the provisions of the Act; and that, upon this information, he " acted under full warrant of law and fact " in disapproving the application and refusing to issue the permit.

After a hearing before two District Judges, at which evidence was introduced by both sides, the judges concurred in the opinion that there was nothing in the record which would justify the court in finding that the Commissioner in refusing the application for the permit had "abused the wide discretion invested in him by the Act of Congress," and that the bill should therefore be dismissed; and a decree was entered accordingly. This was affirmed, on appeal, by the Circuit Court of Appeals,

---

[1] 41 Stat. 305, c. 85.

which said that: "After an examination of the proofs in the case we are of the opinion the associations and business connections of . . . the principal officers of this company, were such that the commissioner had ample ground for declining to issue the company the permit. The holder of such a permit is entrusted by the government with a power which subjects him to the approaches and bribes of law-breakers and where, as in this case, the business associations of applicants have been with men whose conduct has already invited prohibition prosecutions against them, it goes without saying that the commissioner would have been derelict in duty in granting them a permit." 3 Fed. (2d) 936. This appeal was allowed in March, 1925.

Title II of the Prohibition Act provides that " all the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented "; that, with certain exceptions not here material, no one " shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do "; that no permit shall be issued to any person who within one year prior to the application therefor shall have violated the terms of any permit or any federal or state law regulating traffic in liquors; that no permit shall be issued " until a verified, written application shall have been made therefor, setting forth the qualification of the applicant and the purpose for which the liquor is to be used "; that the Commissioner " may prescribe the form of all permits and applications and the facts to be set forth therein," and before any permit is granted " may require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit and the provisions of " the title; and that if the Commissioner refuses any application for a permit, the applicant " may have a review of the decision by a court of equity," which may " affirm,

9542°—26——31

modify or reverse " his finding " as the facts and law of the case may warrant." [2]

It is clear that the Act does not impose on the Commissioner the mere ministerial duty of issuing a permit to anyone making an application on the prescribed form, but, on the contrary, places upon him, as the administrative officer directly charged with the enforcement of the law, a responsibility in the matter of granting the privilege of dealing in liquor for nonbeverage purposes, which requires him to refuse a permit to one who is not a suitable person to be entrusted, in a relation of such confidence, with the possession of liquor susceptible of diversion to beverage uses.

The dominant purpose of the Act is to prevent the use of intoxicating liquor as a beverage, and all its provisions are to be liberally construed to that end. It does not provide that the Commissioner shall issue any liquor permit, but merely that he may do so. It specifically requires the application to show " the qualification of the applicant," and authorizes the Commissioner to prescribe " the facts to be set forth therein." These provisions, as well as the purpose of the Act, are entirely inconsistent with any intention on the part of Congress that the Commissioner should perform the merely perfunctory duty of granting a permit, to any and every applicant, without reference to his qualification and fitness; and they necessarily imply that, in order to prevent violations of the Act, he shall, before granting a permit, determine, in the exercise of his sound discretion, whether the applicant is a fit person to be entrusted with such a privilege. This is emphasized by the provision that if the Commissioner refuses an application, his action may be reviewed by a court of equity in matter of fact and law; there being no substantial reason for this provision if he is imperatively

––––––––

[2] §§ 3, 5, 6.

required to grant a permit upon the mere presentation of an application in due form.

On the other hand, it is clear that Congress, in providing that an adverse decision of the Commissioner might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted; but that this provision is to be construed, in the light of the well established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See *Silberschein* v. *United States,* 266 U. S. 221, 225, and cases cited.

Here, plainly, the refusal of the permit involved no error of law. And the two courts below have, in effect, concurred in finding, upon the entire evidence, that there was no abuse of discretion on the part of the Commissioner; the Circuit Court of Appeals specifically finding that the associations and business connections of the principal officers of the company were such that he had ample ground for declining to issue the permit. An examination of the evidence—which need not be recited here—discloses no clear error which would authorize us to set aside this concurrent finding. *United States* v. *State Investment Co.,* 264 U. S. 206, 211.

The decree is

*Affirmed.*