## SHELPER v. ANDREWS, Assistant Secretary of the Treasury, et al.

(Circuit Court of Appeals, Third Circuit. January 11, 1927.)

No. 3524.

Intoxicating liquors ⊚⟹69—Refusal to continue liquor permit of institute for cure of alcoholism held not arbitrary, in view of evidence.

Refusal of prohibition director to grant institute for cure of alcoholism continuance of prior liquor permit *held* not arbitrary, in view of evidence of its violation of National Prohibition Act (Comp. St. § 10138¼ et seq.).

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Petition by Harry F. Shepler, doing business as Keeley Institute, for an order directing Lincoln C. Andrews, Assistant Secretary of the Treasury, and others, to issue liquor permit. Judgment for defendants, and plaintiff brings error. Affirmed.

Ward Bonsall, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and Joseph A. Richardson, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case brings in question the refusal by a prohibition director to the proprietor of a Keeley Institute for the cure of alcoholism, of a continuation of a prior liquor permit. Pending the action by a hearer who was considering the case, the proprietor petitioned the court to order the director to issue the permit

Without entering into a discussion of prior proceedings, which may or may not have been in due form, the matter finally came before the court below, where both parties were given the opportunity to present all evidence they desired. Thereafter the court, after final hearing, filed an opinion in which it dismissed the petition, saying:

"The administrator has assigned several reasons for his decision. It is needless for us to pass upon the validity of each of his several reasons for the refusal of the permit. Sufficient to say that the evidence before him and before this court showed a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) on the part of the plaintiff, in that he furnished to one Johnson, a national prohibition agent, a drink and also a half pint of whisky. Johnson was not a patient in the hospital at the time, nor was the liquor furnished him entered upon the official record required by law to be kept by those operating hospitals for the treatment of inebriates. In view of this testimony as to the violation of the National Prohibition Law by the applicant, we feel that the refusal of the Prohibition Bureau to grant the permit cannot properly be set aside."

Thereupon this writ of error was taken. An examination of the testimony satisfies us that the action taken by the Commissioner was not arbitrarily, but judiciously, taken, and that the court, in its own independent hearing of the proofs and arguments, committed no error on refusing to disturb it. Our so holding is in line with a case in this court. Ma-King v. Blair, 3 F.(2d) 936, affirmed by the Supreme Court 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

The judgment below is therefore affirmed.