**FOX v. MILLS, Federal Prohibition Administrator, et al.**

District Court, S. D. New York. September 4, 1926, and February 5, 1927.

Lewis Landes, of New York City, for plaintiff.

Emory R. Buckner and Ulysses S. Grant, both of New York City, for defendants.

BONDY, District Judge. This is a suit brought to review the decision of the Commissioner of Internal Revenue, refusing plaintiff's application for a permit to manufac-

ture ginger bitters extract for flavoring purposes, and to use whisky in the manufacture thereof. The application states that the preparation contains only sufficient alcohol to hold it in solution, and that it is a bona fide preparation, unfit for use as a beverage, and is not to be sold or used as a beverage, and that it is for sale as such to manufacturers of soft drinks and like manufacturers for subsequent use in flavoring their products.

The application was disapproved, because on analysis it was found that, although the preparation is unfit for use as a beverage, there is no scientific reason why it should be prepared from a mixture of alcohol and whisky. At the trial, a chemist in the employ of the Bureau of Internal Revenue testified that he did not know of any scientific reason for placing whisky in the preparation; that any slight distinction in taste that may come from the use of whisky would be entirely lost in the preparation; that alcohol could be substituted for whisky as a solvent in the formula; that, so far as he knows, alcohol and not whisky has been used uniformly and universally in such bitters, extracts, and syrups; that whisky costs more than alcohol; that plaintiff's preparation is not an intoxicating liquor, and not fit for beverage purposes; that no one could extract the whisky from the preparation for the purpose of drinking it, and, if any one attempted to drink the preparation, it would make him sick, but would not intoxicate him.

The National Prohibition Act provides that the word "liquor," or the phrase "intoxicating liquor," shall be construed to include whisky. Title 2, § 1 (27 USCA § 4). It further provides that flavoring extracts and syrups that are either unfit for use as a beverage, or for intoxicating beverage purposes, shall not, after having been manufactured and prepared for the market, be subject to the provisions of the act, and that a person who manufactures them may purchase and possess liquor (defined by the act to include whisky) for that purpose, but he shall secure permits to manufacture such articles and to purchase such liquors.

The act guards against the abuse of the privilege; it provides that no such manufacturer shall dispose of any liquor otherwise than as an ingredient of the articles authorized to be manufactured therefrom, and that no more alcohol shall be used in the manufacture of any extract or syrup than the quantity necessary for extraction or solution of the elements contained therein and for the preservation of the article; that any person who sells any extract or syrup for intoxicating beverage purposes, or under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes, or any person who shall sell any beverage containing one-half of 1 per cent. or more of alcohol by volume, in which any extract or syrup is used as an ingredient, shall be subject to the penalties prescribed by the act. Title 2, § 4 (27 USCA § 13).

As the plaintiff contends, and as was said in an opinion rendered by the Attorney General to the Secretary of the Treasury, December 13, 1920, the purpose of Congress in using the word "alcohol" in this connection was to limit the percentage of alcohol which these articles may contain, and not to define the kind of liquor to be purchased, possessed, and used for their manufacture. Had Congress intended to permit the use of alcohol only in their manufacture, it is reasonable to suppose that it would have used the word "alcohol" throughout the section. 32 Op. Attys. Gen. page 361.

The act, however, places upon the Commissioner a responsibility in the matter of granting the privilege of dealing in liquor for nonbeverage purposes. The fact that his action may be reviewed by a court of equity is inconsistent with the contention that he is imperatively required to grant a permit upon the mere presentation of an application in due form. See Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046, decided by the Supreme Court June 1, 1926. The fact that the use of the whisky would not affect the flavor of the extract, and that whisky costs more than alcohol, which would serve all purposes that whisky would in plaintiff's solution, may lead the Commissioner to believe that the application is not made in good faith, and that the whisky is not to be used for legitimate purposes.

It being uncertain whether the application was disapproved because a mistake was made in the application of the law to the facts of the case, or because the Commissioner believed the application was not made in good faith, the application should be referred to the Commissioner for further consideration and more definite action by him; the injunction remaining operative in the meantime.

Though there is a conflict in the opinions of the chemists, there is evidence that in the preparation made in accordance with the formula designated as "Fox's Ginger Bitters Extracts for Flavoring and Culinary Purposes" the whisky cannot be tasted on ac-

count of the oleo-resin of ginger and capsicum used therein, that the whisky does not exert any medicinal or other useful purpose, that alcohol is much cheaper than whisky, and that alcohol, and not whisky, has been uniformly used in the manufacture of flavoring extracts. The prohibition administrator, therefore, concluded that the application of Hermon Fox for permission to use whisky in the manufacture of ginger extract has not been made in good faith by him.

 Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046, decided by the Supreme Court in June, 1926, applies to these facts, notwithstanding that the preparation is unfit for beverage purposes and not intoxicating. The action of the prohibition administrator, therefore, is approved, and the bill dismissed.