HIGGINS v. MILLS, Prohibition Administrator, et al.

Circuit Court of Appeals, Second Circuit.
December 5, 1927.

No. 35.

1. **Intoxicating liquors** ⬤⟶106(1)—Treasury decision, revoking unlimited permits for withdrawal of alcohol, held valid (National Prohibition Act, tit. 2, § 6 [27 USCA § 16]).

Treasury decision, revoking unlimited permit for withdrawal of alcohol held by one operating denaturing plant, and requiring him to attach certificates to his applications for monthly permits showing amount of alcohol on hand, *held* valid, under National Prohibition Act, tit. 2, § 6 (27 USCA § 16), to limitations of which all such permits are subject.

2. **Intoxicating liquors** ⬤⟶70—Commissioner of Internal Revenue has power, before issuing withdrawal permit, to require certificates disclosing stock on hand (National Prohibition Act, tit. 2, § 6 [27 USCA § 16]).

Commissioner of Internal Revenue, in issuing permit for withdrawal of alcohol to plaintiff, who operated denaturing plant, may properly ascertain how much alcohol plaintiff has on hand, and require certificates to that fact, such being reasonable exercise of his power under National Prohibition Act, tit. 2, § 6 (27 USCA § 16).

3. **Intoxicating liquors** ⬤⟶108(10)—Review of Internal Revenue Commissioner's finding that denaturer's false statements of alcohol on hand were in bad faith, is limited to whether there was any evidence to support it.

In reviewing finding of plaintiff's bad faith in making false statements to secure permits to withdraw alcohol in suit to review action of Commissioner of Internal Revenue in revoking plaintiff's permit to operate denaturing plant, and in refusing permits to withdraw alcohol for denaturation, inquiry is limited to whether there was any evidence to support such finding.

4. **Intoxicating liquors** ⬤⟶108(5)—Evidence held to support finding of bad faith of denaturer in making false statements in applying for withdrawal permits.

In suit to review action of Commissioner of Internal Revenue in revoking permit to operate denaturing plant, and refusing permits to withdraw alcohol, evidence *held* to support finding of plaintiff's bad faith, where he made false statements as to stock on hand, notwithstanding that facts could have been learned by going to plant.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by William J. Higgins against Chester P. Mills, Prohibition Administrator, and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

See, also, 12 F.(2d) 646.

Appeal from a decree of the District Court for the Southern District of New York, dismissing the plaintiff's bill to review the ac-

22 F.(2d)—58

tion of the Commissioner of Internal Revenue in revoking his permit to operate a denaturing plant, and in refusing to grant him permits to withdraw alcohol for denaturation.

The suit is a consequence of the cause which was before this court in Higgins v. Foster, 12 F.(2d) 646. That decision determined that the Commissioner had no power to cancel the plaintiff's permit to manufacture denatured alcohol by general order without the hearing prescribed by section 9 of title 2 (27 USCA § 21). In accordance with a suggestion there made, the Commissioner thereupon instituted a proceeding under that section to revoke the permit, and after a proper hearing took that action. Thereupon the plaintiff filed this bill. Among the grounds upon which the defendant acted was a finding of bad faith on the part of the plaintiff in procuring alcohol upon permits, the applications for which falsely stated the amounts of alcohol then on hand. The misstatements were amply proved, and the defendant found that they had been made in bad faith.

The plaintiff answered there and here by saying that the statements were innocent, that the facts were in any case all available to the defendant at the denaturing plant, where an official had been stationed, and that he, the plaintiff, had always counted, as already disposed of, all alcohol for which he had already received orders in the form of completely denatured alcohol, or permits to sell in the form of specially denatured alcohol. Further he argued that, in any event, the defendant's requirement that he should attach to his applications for withdrawal certificates of the amount of alcohol then on hand was unlawful, since he was absolutely entitled to withdraw according to his necessities without special permits. This he claimed by virtue of an earlier permit issued to him under form 1465, which was unlimited in time and quantity.

On December 16, 1924, the defendant, by Treasury Decision 3656, revoked all such unlimited permits when the denaturer was not in substance the same person as the distiller. The plaintiff's earlier and unlimited permit was included in this ruling, and for this reason the defendant thereafter compelled him to take out monthly withdrawal permits for specified amounts, and as a condition upon the issue even of these to attach the certificates in question to his applications. Thus the validity of the revocation of the plaintiff's permit under form 1465 became involved in the suit, the plaintiff insisting that the decision of this court in Higgins v. Foster, 12 F.

(2d) 646, applied to the defendant's action in such a case, as well as to the order revoking his general permit to denature alcohol.

Van Buren & Hilldale, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (C. D. Williams, Sp. Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The defendant's action was taken on the ground that the plaintiff had "not in good faith conformed to the provisions" of the Prohibition Act. In part it depended upon the finding that the certificates were known to be false and were used to secure the permits. If the defendant had no power to demand any certificates whatever and the plaintiff had the unconditional right under his original permit, form 1465, to get all the alcohol which he needed, there might indeed be good reason to say that, however unfitted in general he might have shown himself to be a denaturer at all, he was not within the scope of section 9. On that point we reserve judgment. Again, we do not pass upon whether the other grounds for the revocation were sufficient.

[1] If the inquiry be, so limited, the first point that arises is of the legality of Treasury Decision 3656, which revoked the plaintiff's unlimited permit, and required him to attach the certificates to his applications for monthly permits. In our decision in Higgins v. Foster, 12 F.(2d) 646, we said that section 6 of title 2 (27 USCA § 16) applied to the withdrawal permits of a denaturer. We adhere to that conclusion, and hold that all such permits are subject to the limitations of that section. We need not say whether they fall within the clause "permits to purchase liquor for the purpose of manufacturing," or within the clause "a permit to purchase liquor for any other purpose." In either case general permits, unlimited in time and quantity, were not authorized by the statute, and the Commissioner was not only authorized, but indeed required, to conform all permits, to these limitations. The Treasury Decision brought the practice into accord with the statute and gave the plaintiff no ground for complaint. We do not suggest that the exceptions allowed under article 96 of Regulation 3, as it now stands, are unlawful. These may be regarded as not instances of purchase at all; at any rate, we express no opinion in regard to them. It is enough that in the case at bar the plaintiff was a purchaser on any theory, and that his permits had to be limited in time and amount as, section 6 prescribed.

[2-4] The Commissioner is expressly given power by section 6 to "prescribe the form of all permits and applications and the facts to be set forth therein," and it was a reasonable exercise of that power to ascertain how much of the old stock still remained on hand. This brings up the second point, which concerns the plaintiff's bad faith, as to which our inquiry is limited to whether there was any evidence to support the finding. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046. The plaintiff certainly knew his own supplies, and his false statements were prima facie deliberate. On what warrant he supposed himself entitled to count, as already denatured and disposed of, all alcohol for which he had orders from customers, or permits specially to denature, we are not advised. Surely it is asking much to accept so simple a way out from what will bear a very different construction. Nor was it an excuse that the facts could have been learned by going to the plant, or that there was an official of the defendant always there. Whether the plaintiff had found a facile tool, whether he had means of suppressing the facts, whatever may have been his motive, we cannot tell, and need not. It is enough that his applications were always false, and that his excuses are not such as must have convinced a reasonable man.

Decree affirmed.