**MASCOLA v. MELLON, Secretary of Treasury, et al.**

District Court, E. D. New York. December 21, 1927.

1. **Intoxicating liquors ☞108(10)—Courts will reverse revocation of permit only when clearly wrong (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

Courts will not interfere with action of Prohibition Administrator in revoking permits un-

der National Prohibition Act, tit. 2, § 9 (27 USCA § 21), unless based on an error of law, is wholly unsupported by evidence, or is clearly arbitrary or capricious.

2. **Intoxicating liquors ☞108(10)—Proceeding for revocation of permit must conform to procedure specified in statute (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

A proceeding to revoke a permit under National Prohibition Act, tit. 2, § 9 (27 USCA § 21), must conform to the procedure therein laid down, and revocation of a permit on a ground not charged in the citation, nor mentioned in the hearing thereon, held, unauthorized.

In Equity. Suit by Anthony Mascola against Andrew W. Mellon, Secretary of the Treasury, and others. Decree for complainant on one cause of action and for defendants on another.

David V. Cahill, of New York City, for complainant.

Wm. A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Anthony P. Savarese, Asst. U. S. Atty., of New York City, of counsel), for defendants.

INCH, District Judge. This is an equity suit to review the revocation by the Prohibition Administrator of *two* permits belonging to plaintiff. The revocation took place pursuant to section 9, tit. 2, National Prohibition Act (27 USCA § 21). Each revocation is apparently a separate proceeding under a separate and distinct title and commenced at different times.

The first permit, SDA–11791, authorized plaintiff to use specially denatured alcohol in its business of making lotions, hair tonic, etc. This permit has been in existence for a number of years. It was issued to the plaintiff under the trade-name of Greater New York Barber Supply Company.

The second permit, H–11630, authorized plaintiff to use certain specified percentages of alcohol, wine, and whisky in the manufacture of certain specified tonics manufactured by him for the drug trade. This permit also has been in existence for several years. It was issued to plaintiff operating under the name of Mascol-Hematon Laboratories.

The citation requiring plaintiff to show cause why permit SDA–11791, issued to the Greater New York Barber Supply Company, should not be revoked, was based on a state of facts alleging that on or about February 11, 1927, plaintiff did willfully, knowingly, and unlawfully dispose of three barrels of specially denatured alcohol procured by him under said permit.

This citation was dated March 5, 1927, and designated March 23, 1927, as the return

day. On that day and subsequent·days hearings were had, at which the plaintiff was present, as well as his counsel. Various witnesses for the government were examined and cross-examined, and witnesses likewise examined and·cross-examined for the plaintiff, including the plaintiff. Thereafter the so termed "hearing" judge rendered his decision, in which he carefully reviews all the testimony and concludes that the state of facts accompanying the citation·has been sustained. He therefore recommended revocation of the permit. On August 19, 1927, on the appeal of plaintiff from this decision to the board of review, consisting of three duly appointed members, the decision was affirmed, and the permit was revoked by the Administrator September 6, 1927, as of May 20, 1927.

On July 26, 1927, what is termed a "supplemental" citation had issued to plaintiff as to said permit H–11630. This citation was based on a state of facts alleging generally that between certain dates the plaintiff had unlawfully, willfully, and knowingly kept and maintained false and fictitious sales records. A hearing thereon was held on August 11, 1927, at which counsel for plaintiff was present and witnesses were examined.

The record in this proceeding shows that the proceeding was marked "Closed," whereupon the hearing judge made a decision in which he held that the citation was too general, and that a supplemental citation should issue. This citation was thereafter issued, and charges plaintiff with the same false and fictitious entries in more detailed form. The hearing was thereafter apparently continued under this amended or so-called second supplemental citation. At this hearing witnesses were present, including the plaintiff and his counsel, and were examined and cross-examined, and the hearing judge then submitted his written decision recommending that the proceedings under this supplemental citation be dismissed.

He, however, recommended that the permit be revoked, not upon the set of facts set forth in the citation, but upon a state of facts set forth in another proceeding entirely, to wit, the proceeding to revoke permit SDA–11791.

Thereupon the Prohibition Administrator entered an order as follows:

"Order that permit H–11630, issued to Anthony Mascolo, trading as Mascol-Hematon Laboratories, be and the same is hereby revoked and canceled upon the following grounds: (1)·On May 20, 1927, specially denatured alcohol permit SDA–11797, issued to you by this office doing business as Greater New York Barber Supply Company at 300 Myrtle avenue, Brooklyn, N. Y., was duly revoked after·hearing on the following ground: (1) On or about February 11, 1927, you did willfully, knowingly and unlawfully dispose of three barrels of specially denatured alcohol procured by you under your permit."

An appeal was taken from this decision, and the said appeal board recommended as follows:

"As the decision in the present matter was dependent upon whether or not the revocation of the permit of the Greater New York Barber Supply Company was sustained, and as the same has been duly affirmed as aforesaid, we recommend that the·permit H–11630, issued to said permittee, stand revoked."

The plaintiff now seeks in this suit to review both of these revocations.

[1] It certainly was not intended by Congress that the Prohibition Department should be of little importance in supervising·the industrial alcohol business, and that the courts should run that business. The numerous appeals to the court to do this sort of thing needs no comment. It has been authoritatively held that the courts should not interfere with the action of the Commissioner unless it is shown that such action is based upon an error of law or is wholly unsupported by the evidence or is clearly arbitrary or capricious. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046; Remick Products Co. v. Mills, 22 F.(2d) 477 (C. C. A. 2d).

This rule must be applied to the two revocations of permits. It seems to me they must be separated. They are different in character, and, while the same individual is concerned, they relate to two different businesses.

As to the permit SDA–11791, issued to Greater New York Barber Supply Company (Anthony Mascolo), the charge is made that specially denatured alcohol was diverted. A long hearing was held, witnesses were examined and cross-examined, and there is some evidence to sustain the finding·of the Commissioner. This court is not permitted to weigh the evidence. It is sufficient if there was some competent evidence produced. Credibility of witnesses and weight of evidence and similar questions are not for this court.

The issue was whether the permittee had "been guilty of willfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this act." Section 9, tit. 2, National Prohibition Act.

The government produced witnesses who testified to facts which, if believed, might fairly indicate that not only was some specially denatured alcohol diverted but that the permittee admitted that he did such things. Whether or not the witnesses were to be believed or whether a different conclusion might have been reached by this court is not for the court to decide. U. S. v. Tod (C. C. A.) 294 F. 628, 633. The proceeding was in accordance with law. There was some evidence to sustain the finding, if believed, and the action of the Commissioner does not appear to be arbitrary nor capricious.

The complaint therefore should be dismissed as to this revocation.

When, however, we come to the second proceeding, we find an entirely different situation. Here we have a charge made that, under the permit H–11630, issued to Mascol-Hematon Laboratories (Anthony Mascolo), the permittee kept false sales books, etc. This charge is first withdrawn and thereafter dismissed as not proven. Yet we have this permit revoked on a charge not made in the proceeding.

I do not understand the law to be that any permit can be revoked without proof or a complaint or state of facts and hearing given in a proceeding under sections 5 (27 US CA § 14) or 9 (27 USCA § 21), tit. 2, National Prohibition Act.

[2] A proceeding to revoke a permit in accordance with section 9, tit. 2, National Prohibition Act, must conform with the procedure therein laid down. In substance, this section requires that, whereas in both these cases the proceeding was instituted by the Commissioner, he shall "issue an order citing such person (the permittee) to appear, which citation (the copy served) shall be accompanied by a statement of facts constituting the violation charged."

I find no warrant in this section for a revocation proceeding without such written charges, either in form of a complaint, or a statement of facts, and the individual character of a permit is emphasized by the wording of the section. Nor does this construction interfere in any way with the revocation of any number of permits by the simple procedure laid down. The section simply requires that which is the least the permittee is entitled to; that a permit will not be revoked without a reason alleged in writing served on the permittee in a proceeding to revoke that permit for such reason, with an opportunity to be heard.

Where the permittee is the same, more than one permit may possibly be the subject of a single revocation proceeding where a proper citation is issued setting forth the state of facts for each revocation of each permit.

Where a charge is made and then withdrawn and another charge substituted, and this dismissed, it would seem neither proper procedure nor lawful to revoke the permit on a third charge not made in the proceeding and as to which permittee has not been duly cited.

It may be very well to say that the easier way has been here adopted, but there may come cases where such distinction becomes important, and a practice of this character brings nothing but confusion and unnecessary work for the courts in reviewing a tangle of facts and findings.

If this court had only the record of the proceeding as to permit H–11630 before it, it would be asked to approve a decision of revocation based, first, on a charge withdrawn, and, second, a charge dismissed, and, third, a charge not made in the citation nor proved in the proceedings. This practice should not be encouraged.

Accordingly, for the error of law shown, the decision of the Commissioner should be reversed as to the revocation of permit H–11630, without prejudice, however, to his proceeding in a lawful manner to revoke the permit in the manner provided by law.