LISCIO v. CAMPBELL, Federal Prohibition Administrator, et al.

District Court, S. D. New York. February 6, 1929.

Charles Dickerman Williams, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for David H. Blair, appearing specially, and other defendants.

THACHER, District Judge. The plaintiff, a proprietor of a drug store, on January 29, 1924, procured a permit in accordance with the rules and regulations prescribed by the Commissioner of Internal Revenue, to use intoxicating liquor, including whisky, in the manufacture of certain medicinal preparations. Formulæ for these preparations, including whisky, as an ingredient, were approved, and from time to time the permit was renewed, upon application; the date of the last renewal being November 14, 1927. The permit then issued expired December 31, 1928. Before that date plaintiff filed application for renewal of this permit for the year 1929, and was thereafter notified that a hearing would be held for the purpose of determining whether or not whisky was a necessary ingredient in his special formulæ, or whether alcohol or other spirits would properly serve for extraction and solution of the elements obtained from such products and for the preservation thereof.

Pursuant to this notice, plaintiff was accorded an opportunity of presenting any and all evidence bearing upon this question and upon the merits of his application. At the appointed time an extensive hearing was had. Thereafter a renewal permit was issued. Under its terms plaintiff may not purchase whisky for use in his medicinal preparations, but may purchase ethyl alcohol for such use. There is no contention that this action was in any way discriminatory. On the contrary, other manufacturers of similar preparations are required to show that no spirits other than whisky will properly serve as solvents and preservatives in their products, and unless this can be shown their permits to use whisky are not renewed. This appears from an order issued by the Commissioner to prohibition administrators under date of December 3, 1928.

Broadly, it may be said that the refusal of a permit to use whisky rested upon the conclusion that there was no therapeutic value in the use of whisky in plaintiff's preparations and that ethyl alcohol can as well be used for extraction or solution of elements therein and for the preservation of the preparation itself. The conflicting contentions of the parties with reference to merit or lack of

merit in the use of whisky as a solvent or preservative in a nonbeverage medicine need not be considered in advance of final hearing. If the Commissioner may refuse a permit for the use of whisky solely upon the ground that ethyl alcohol is quite as good for every purpose, except to preserve the good will which clings to medicines containing whisky, this motion must be denied, because no other beneficial purpose in the use of whisky is shown with sufficient certainty to warrant the issue of a temporary injunction.

It is the contention of government counsel that the use of whisky is not authorized in the manufacture of the articles mentioned in section 4 of title 2 of the National Prohibition Act (27 USCA § 13). In Fox v. Mills, 31 F.(2d) 290, Judge Bondy held that the Commissioner had authority to issue a permit to use whisky in the manufacture of such articles. His ruling was referred to when the case was considered on appeal, but the decree was affirmed without deciding the point. Fox v. Mills (C. C. A.) 22 F.(2d) 891. I concur with Judge Bondy, and have no doubt that the Commissioner may, in his discretion, issue permits for the use of whisky in the articles mentioned in section 4. He has, however, a very wide discretion in refusing such permits. This discretion, implied from the provisions of the statute and from its dominant purpose to prevent the use of intoxicating liquor as a beverage (Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046), is not limited to the consideration of the applicant's fitness to be intrusted with a permit and his good faith in making application therefor.

The necessity for the use of liquor is a circumstance always to be considered by the Commissioner. There can be no doubt that the use of whisky by permittees for manufacturing purposes is susceptible of easy abuse, and that proper supervision of manufacturing operations involving the use of whisky presents grave difficulties of administration. In view of the very wide discretion which is imposed by the law upon the Commissioner, I have no doubt of his power to scrutinize in every case the necessity for the use of whisky in medicinal preparations not fit for beverage purposes, and, in the exercise of a sound discretion, to refuse permits for the use of whisky in the manufacture of such preparations, where ethyl alcohol may be used as a solvent and preservative without impairing the quality of the article. The plaintiff has not succeeded in showing, with sufficient certainty to warrant the issuance of a temporary injunction, that there was an arbitrary abuse of discretion in denying his application for a permit.

Accordingly the motion for a temporary injunction must be denied, without prejudice to a full consideration of the merits upon final hearing.