## JOY CHEMICAL CO., Inc., v. CAMPBELL, Federal Prohibition Adm'r, et al.

District Court, E. D. New York.
June 12, 1930.

Charles Dickerman Williams, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (George H. Bragdon and Herbert H. Kellogg, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

INCH, District Judge.

This is a suit in equity to review the action of the Prohibition Administrator in substituting alcohol for whisky in plaintiff's permit.

When the case first came on to be heard, there was some question about amendment to the pleadings, but such motions now are not necessary to decide, for the parties have arranged between themselves as to such amendments by means of service, etc., of amended pleadings.

The sole question presented is whether the action of the administrator in refusing plaintiff a permit authorizing a withdrawal of whisky, but being willing to grant and substituting in place thereof a permit authorizing the withdrawal of alcohol, was unsupported by evidence, was clearly arbitrary or capricious, or was based upon error of law. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

The permittee manufactures a preparation called "Joy's Unicorn Compound." This appears to be a compound used for a disturbance of the female reproductive organs. The permittee also manufactures "Joy's Stomach Bitters." This is a compound for disordered stomachs. The Unicorn Compound is supposed to have 15.5 per cent. alcohol, while the Stomach Bitters has 25 per cent. alcohol. The formula of the Unicorn Compound contains: Unicorn root, wintergreen, catnip, cramp bark, blue cobosh, cinnamon, orange peel, caraway, sugar, Spts. frumenti, aqua Q. S.

The Stomach Bitters contains: Cinchona bark, gentian, ginger, rhubarb, cascara, cardomon, nux vomica, soda bicarb., glycerine, Spts. frumenti, aqua Q. S.

There is some evidence in the record to indicate that the administrator had good reasons to believe that the whisky ordered by this permittee was being diverted and also that the alleged necessity for the medicinal use of whisky instead of alcohol in these preparations was merely a subterfuge. He therefore directed that alcohol be substituted for whisky. Liscio v. Campbell (C. C. A.) 34 F. (2d) 646; Fox v. Mills (C. C. A.) 22 F.(2d) 891.

The expert testimony before the administrator gave a reasonable basis for the conclusion reached by the administrator that this substitution would not affect the medicinal value of either of these products.

It is my opinion that the decision reached by the administrator was neither arbitrary nor capricious, was in accordance with the law, and that there was some evidence before the administrator to support his conclusions.

Under such circumstances the amended bill of complaint should be dismissed.