**WAX v. MOSS, Supervisoor of Permits, et al.**
**No. 5124.**

District .Court, E. D. New York.
Oct. 21, 1930.

Harold L. Turk, of Brooklyn, N. Y., for plaintiff.

Howard W. Ameli and George H. Bragdon, Asst. U. S. Atty., both of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

This is a suit in equity under the provisions of section 9, title 2, of the National Prohibition Act (27 USCA § 21), to review the acts of the defendants in revoking plaintiff's permit A–236, authorizing the plaintiff, the holder thereof, to operate a place of storage and distribution for tax paid wine for sacramental purposes.

The citation directing the plaintiff. permittee to show cause why his permit should not be revoked was served on him on April 24, 1930; the hearing was held before Hearing Officer P. J. Finn, who found "that the testimony submitted by the Government sufficiently established the charge in the citation," and the hearing officer therefore recommended that the permit be revoked. This recommendation was followed by the administrator, who ordered the permit revoked on July 1, 1930.

The citation charges that the defendant did (1) "on or about April 9, 1930, unlawfully and willfully sell one gallon of wine for beverage purposes to a police officer in violation of the National Prohibition Act, the terms and conditions of your permit and in further violation of the terms of agreement authorizing you to operate a place of storage and distribution of Tax Paid wine for Sacramental Purposes only."

An examination of the testimony taken upon the hearing discloses that the question of fact which was presented to the hearer was whether or not the permittee sold a bottle of wine to Officer Newman. Upon the trial of this action the plaintiff raised the question of entrapment. The hearing officer states in his findings that the question of entrapment was not raised on the hearing. Had that question been raised, the hearing officer might have been justified in finding that there was an entrapment. That issue cannot now be raised.

Congress, in providing that an adverse decision of the commissioner might be reviewed in a court of equity, merely gave the court authority to determine whether, upon the facts and law, the action of the commissioner was based upon an error of law, or was wholly unsupported by the evidence or clearly arbitrary or capricious. Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

There is testimony to support the findings of the hearing officer and the action of the administrator in revoking the plaintiff's permit, that the plaintiff permittee unlawfully sold a bottle of wine to Officer Newman. The commissioner's action being supported by evidence is therefore not arbitrary or capricious, and the bill of complaint must accordingly be dismissed.

Settle decree on notice.