**ROGE LABORATORIES, Inc., v. DORAN, Com'r of Prohibition, et al.**

**No. 4978.**

Court of Appeals of District of Columbia.

Submitted Jan. 8, 1931.

Decided Feb. 2, 1931.

Joseph A. Cantrel, of Washington, D. C., for appellant.

Leo A. Rover and H. W. Orcutt, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to review the action of appellees in refusing to renew appellant's permit for the year 1929 to use specially denatured alcohol in the manufacture of certain toilet articles.

On November 12, 1921, there was issued to appellant a permit to use specially denatured alcohol (formula 39–B) in the manufacture of certain toilet articles. National Prohibition Act of October 28, 1919, 41 Stat. 305; U. S. Code, tit. 27 (27 USCA). This permit was renewed from year to year, but on August 9, 1926, it was superseded by a permit authorizing similar use of specially denatured alcohol (formula No. 40). This permit provided that it should be in effect "until December 31, 1926," and contained the further provision "that the permittee shall strictly comply with the laws of the United States" and "all regulations now or hereafter in force. * * *" This permit was renewed for the years 1927 and 1928.

Having reason to believe that appellant's product was finding its way into illegitimate channels, appellees requested samples, subjected them to analysis, and determined that they were not prepared in accordance with the regulations of the department, and so notified appellant.

It was found that appellant was disposing of its entire product to the Foreign Opal Company of Philadelphia, Pa., a one man

concern. The office inaugurated an investigation of that company, the result of which was communicated to appellant on March 14, 1928. The communication was, in part, as follows: "In view of the fact that all specially denatured alcohol withdrawn by you under basic permit number 7–S.D.A.–65, amounting to 500 gallons per month, enters into the manufacture of only one product, namely, Vitol Hair Tonic, and that all of this product has for some months past been sold to one person, namely, Max Bergis, who trades under the name of Foreign Opal Company at 115 Pine Street, Philadelphia, Pennsylvania, it was concluded by this office that an investigation should be made of the character of his concern and disposition of your product." After stating facts and circumstances surrounding the use by Bergis of appellant's product, the letter continues: "Under these circumstances it is the opinion of this office that your product sold Mr. Max Bergis is being diverted to unlawful purposes by him and it is believed that intelligent deduction by you will come to the same conclusion. You are therefore informed that in order to in good faith comply with the provisions of your permit you should make no further sales or shipments of your product to the said Max Bergis or his concern, Foreign Opal Company."

In appellant's reply, it contended: "Once our product is manufactured and prepared for the market, and we sell it, it is out of our control, and even beyond the scope and operation of the National Prohibition Act." In other words, appellant challenged the authority of appellees to inquire into either its good faith or the good faith of purchasers of its product.

On August 28, 1928, appellant filed a written application for a new permit for the year 1929 to use specially denatured alcohol in the manufacture of the same products and under the same formula specified in its then existing 1928 permit. This application contained the provision that it was "submitted with the understanding that the permit applied for must be renewed annually."

On November 14, 1928, the office requested appellant to submit samples of the preparations proposed to be manufactured. On December 1, 1928, appellant submitted a sample of its hair tonic and a sample of the essential oil used in compounding same. An analysis of these samples was made. On December 28, 1928, the office wrote appellant, in part, as follows: "As you are aware, you have been notified through this office that

your sole product, known as Vitol Hair Tonic, has been held by Government chemists to be a preparation which yields potable alcohol upon simple distillation and manipulation, and that the essential oil used therein is composed principally of ingredients that readily unite with caustic alkali to form inodorous compounds and is, therefore, not suitable to this Bureau in the manufacture of toilet preparations. This notice has been given you several times in writing as well as personally and through your attorney at this office and at the office of this Bureau at Washington, D. C. You were also notified by this office under date of March 14, 1928, that it was found from an investigation that your sole customer, the Foreign Opal Company, of Philadelphia, Pennsylvania, was not legitimately disposing of your product, and that therefore you could not in good faith continue the sale of your said single product to them. Notwithstanding the above you have refused to modify your formula and have continued selling the aforesaid objectionable concern. * * * As required by the Commissioner, through this office you recently submitted to the chemistry division of this Bureau at Washington a sample of Vitol Hair Tonic which you desire approved on your 1929 permit, and that sample the Government chemists find objectionable upon the same grounds as hereinbefore stated. It therefore is evident that you have not in good faith complied with the provisions of your permit and are not entitled to the confidence of the Government, and your application for renewal of your permit, serial number 7–SDA–65, dated August 28, 1928, for the calendar year 1929 is hereby disapproved."

On January 4, 1929, appellant requested that it "be accorded a hearing to answer and disprove the charges." A hearing was had, at which evidence was introduced by both parties and was reduced to writing. The questions involved were argued by counsel, and the decision theretofore made was adhered to.

The hearing in the court below was "upon the record attached to the bill and the answer thereto." The court found that the evidence "fully justifies the findings and action of the defendants" (appellees here).

Under the provisions of sections 5 and 6 of title 2, National Prohibition Act (U. S. Code, tit. 27, §§ 14 and 16 [27 USCA §§ 14, 16]), an applicant who has been refused a permit or whose permit has been revoked "may by appropriate proceeding in a court of equity have the action of the commission-

er reviewed." In such a review, the court does not exercise the administrative function of determining whether or not the permit should be granted or revoked, but merely determines whether, upon the facts and law, the action of the commissioner is based upon an error of law, is unsupported by the evidence, or clearly arbitrary or capricious. Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046; Blair v. Stewart Dist. Co., 56 App. D. C. 303, 12 F.(2d) 838.

Appellant contends, first, that its "product 'Vitol' was absolutely exempt from the provisions of the National Prohibition Act." Nevertheless, it seeks a renewal of its permit, which was expressly limited as to time. The contention is also made that the time limitation was unauthorized and that the permit may not be revoked except as provided by law; that is, until after notice and opportunity to be heard. It is obvious that the first contention is inconsistent with the relief prayed, for if no permit was necessary the court would be doing an idle thing to direct its renewal. In Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063, and Campbell v. Long, 281 U. S. 610, 615, 50 S. Ct. 415, 417, 74 L. Ed. 1070, it was ruled that "there is no provision in the act specifically requiring permits for the manufacture of toilet preparations with denatured alcohol," and the government conceded (page 617 of 281 U. S., 50 S. Ct. 415, 418) "that permits for the use of specially denatured alcohol are required only by the regulations of the Bureau pursuant to its general authority. * * *" Assuming the authority of the bureau to issue the regulation requiring such permit, we think it obvious that the action of the commissioner in the present case was based upon substantial evidence and was neither arbitrary nor capricious. Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80.

Should we accept the contention of appellant that no authority resided in the bureau thus to limit the basic permit for the manufacture of appellant's product, the. result would be the same, since appellant was accorded a hearing on charges which, if sustained, would have justified the revocation of the permit. After a consideration of all the evidence, the commissioner found the charges sustained. It is not contended that appellant has further evidence to offer; consequently, it is immaterial whether the hearing be considered one for the renewal or for the revocation of a permit. While there is a prayer for general relief, appellant in the circumstances would not be entitled to an injunction to restrain appellees from revoking his permit.

Other assignments of error have been considered and found to be without merit.

The decree is affirmed.

Affirmed.