### Francis J. PANCHERI v. WYNNE, Supervisor of Permits.
### No. 690.

District Court, M. D. Pennsylvania.
Feb. 3, 1931.

See, also, 39 F.(2d) 155; 41 F.(2d) 848.

J. W. Crolly and P. J. Friel, both of Philadelphia, Pa., for complainant.

Richard Hay Woolsey, of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

This is a bill in equity to review the action of the Prohibition Commissioner, now the Commissioner of Industrial Alcohol under the provisions of the Prohibition Reorganization Act of 1930 (27 USCA §§ 101–108), through the office of the prohibition administrator, now the supervisor of permits for the Third district, in refusing to grant a permit to manufacture cereal beverages for the year 1930. This proceeding to review the action of the supervisor of permits is brought under section 6, title 2, of the National Prohibition Act (27 USCA § 16), which provides that: "In the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his decision before a court of equity in the man-

ner provided in section 5 hereof." The relevant part of title 2, section 5 (27 USCA § 14), provides: " * * * The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant."

The authority of the court on a bill to review the action of the Prohibition Commissioner in refusing a permit to operate a cereal beverage plant is defined by the Supreme Court of the United States in Ma-King Products Co. v. Blair, Commissioner, 271 U. S. 479, on page 483, 46 S. Ct. 544, 545, 70 L. Ed. 1046, as follows:

"On the other hand, it is clear that Congress in providing that an adverse decision of the Commissioner might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted; but that this provision is to be construed, in the light of the well-established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256, and cases cited."

The applicant was the holder of a cereal beverage permit for the year 1929. Shortly before the permit expired, he made application for a permit for the year 1930. The application was refused by the administrator, and a hearing was not had upon the refusal until July 8, 1930. This was no doubt due to the fact that the applicant was contending in this court that his permit for the year 1929 did not expire on December 31, 1929, but on December 31, 1930.

After taking testimony, and upon the recommendation of the hearer, the supervisor of permits, on September 19, 1930, arrived at the following conclusions:

"I have come to the conclusion that no permit to operate a cereal beverage plant should be issued to this applicant.

"While this applicant was the holder of a permit for the year 1929, he erected or caused to be erected a pipe line running from his brewery across the street to a private property occupied by one of his employees. This pipe line was arranged in such a manner that by means of a hose connection, high powered

beer could be pumped from the vats over to this private house.

"When brewery owners ship out high pow-ered beer, the usual manner in which they do it is to pump the beer by means of a pipe line to an adjoining property not a part of the brewery premises and therefore not subject to inspection by Government officers in the same manner that the brewery itself is. I can see no reason why the applicant in this case should erect a pipe line such as he did in this case except for the express purpose of shipping out beer of an illegal alcoholic content and I cannot conscientiously issue a permit to him, particularly in view of the fact that on August 18, 1930, at a time when he had no permit whatsoever, Government agents found a brew being made in his mixing kettle in the brewery.

"I am of the opinion that this application is dishonest and that the applicant intends to defraud the Government and to violate the National Prohibition Act."

Under the evidence in this case, the court cannot say that the findings of the Commissioner were based upon an error of law or were wholly unsupported by the evidence or clearly arbitrary or capricious, and therefore, under the decision in Ma-King Products Company v. Blair, Commissioner, supra, this court is without authority to reverse the action of the Commissioner in refusing to grant a permit to the petitioner.

And now, February 3, 1931, this cause came on to be heard and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the bill of complaint in the above-entitled case be, and the same is hereby, dismissed.