HARRISON BEVERAGE CO., Inc., v. HUNS-
BERGER, Acting Supervisor of Permits,
et al.

No. 5171.

Circuit Court of Appeals, Third Circuit.
June 26, 1933.

Rehearing Denied July 7, 1933.

Lemuel B. Schofield, of Philadelphia, Pa., Harold Simandl, of Newark, N. J., and Abraham M. Frumberg, of New York City, for appellant.

Norman J. Morrison, of Washington, D. C., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The petitioner asks for a preliminary injunction or a like order restraining further hearings in a permit revocation proceeding, now under way in New Jersey, pending an appeal from a decree of a District Court denying its application for a preliminary injunction upon another ground. In order to determine just what is before this court and to restrict its decision precisely to the matter now here on the petition, it becomes necessary to state the situation as it exists in three separate tribunals.

Harrison Beverage Company, the petitioner, holds, and at its plant in New Jersey is operating under, a permit for the manufacture and sale of beer, issued by the supervisor of permits for the Third district of the United States under authority of the National Prohibiton Act, as amended by the Act of March 22, 1933, § 4 (27 USCA § 64c). Later the supervisor, acting under section 9 of title 2 of the act (27 USCA § 21), cited the beverage company to show cause why its permit should not be revoked. The grounds of revocation were, in substance, that the beverage company had not in good faith conformed to the provisions of the act because it had obtained the permit by fraud, deceit, concealment, and misrepresentation, in that it did not in its application reveal the true ownership and control of the company and did not show the names of every person interested in the business, but, on the contrary, used in the application and supporting papers, as officers and those interested in the business, persons who were in fact "straw men" acting for undisclosed principals, thereby defeating, if true, the supervisor's attempt to pass upon the qualifications of the real applicants and to issue a permit only to persons fit to be intrusted with the privilege. Ma-King Products Co. v. Blair, 271 U. S. 479, 482, 46 S. Ct. 544, 70 L. Ed. 1046.

After the return of the citation, proceedings for revocation of the permit were begun before a hearer in New Jersey. The beverage company moved that the proceedings be arrested and dismissed on its challenge to the jurisdiction of the supervisor and hearer, which was to the effect that the supervisor can revoke a permit under section 9 of title 2 of the statute only for some act, of the permittee, unlawful because not in conformity with its provisions, which has occurred *after* the grant of the permit, and that, as the offenses in this instance, if such they be, occurred in the application for a permit and

therefore *before* its grant, the supervisor was without power to revoke it. Bluntly stated, the position of the beverage company, as we understand it, was, and is, that, under section 9 of title 2 of the act, the supervisor of permits is without power to revoke a permit obtained by fraud as charged in the citation. The supervisor, paying no attention to the motion, went on, and is still going on, with the hearing. This is the situation in one of the three tribunals to which we have referred.

The beverage company then filed a bill on the equity side of the District Court of the United States for the Eastern District of Pennsylvania praying, on a like challenge of jurisdiction, for a preliminary injunction against the supervisor, hearer, and others to halt the hearing in New Jersey. The District Judge, regarding the allegations and proofs insufficient to move his conscience, exercised his discretion adversely to the beverage company, and denied its prayer for a preliminary injunction, but did not dismiss the bill. That was the situation in the second tribunal until the beverage company appealed from its interlocutory decree denying an injunction. The appeal has reached this court and is being perfected or made ready for argument. Whatever its status, it has not been argued, and, though on the docket, it is not before us. That is the first phase of the situation in this, the third tribunal. It should be clearly kept separate and distinct from the second phase, the only one to which our present decision will be directed, which arose on a petition filed in this appellate court by the beverage company praying for an order, in effect a preliminary injunction, restraining the supervisor, hearer, and others from continuing the revocation proceedings in New Jersey until this court shall have heard and decided its appeal from the interlocutory decree of the District Court denying an injunction.

■■ The theory of the petition is that this court has power to resort to the extraordinary remedies of injunction and mandamus in aid of its appellate jurisdiction (which of course it has), and that unless, in the exercise of that power, we restrain further proceedings before the hearer, the permit of the beverage company will be revoked and the company will be without a permit pending its appeal from the District Court and, in consequence, the subject of the appeal, that is, the business of the company, will be destroyed, and thereafter the question in the pending appeal will become moot. The cases cited by the petitioner in which appellate courts have issued orders to maintain the status quo of matters on appeal we find, on close examination, are distinguishable from this case which began and is now proceeding under a statute. Section 9 of title 2 of that statute (National Prohibition Act) first provides for revocation of permits. Under that provision the supervisor acted and is still acting. No power but that of the Congress could have prevented him instituting the proceedings. Having instituted them, he may continue them in a lawful way. If his way in this instance is unlawful, that is, if, as the petitioner says, he is without jurisdiction, the same section of the act next gives the permittee a remedy by bill of review in a District Court to try that question. These are proceedings which the Congress has given the grantor of permits and the recipients of permits from which, of course, no court may depart. And so far the beverage company does not complain very seriously. But the provision (section 9) goes on and declares that "During the pendency of such action [bill of review in a district court] such permit shall be temporarily revoked." It is here that the beverage company, the permittee, revolts, saying thereby its business would be destroyed and, in consequence, seeks to try out on bill in equity in a distant federal court (with whose jurisdiction we are not presently concerned) and have reviewed by this court the question of law—raised as on demurrer—whether under section 9 of title 2 of the act the supervisor may revoke a permit obtained by fraud or (the bill not being before us), it may be, to try a question of fact as to fraud.

While we shall not, for reasons of propriety, decide that question of law until it reaches us on appeal, it has nevertheless been argued at length on this petition. In response it will be enough to say that, aside from the question of power, the argument has not moved our discretion in favor of granting the petition. The thing which has moved us to a judgment in the opposite direction is that the statute has prescribed the procedure for revocation of a permit and has supplied the party aggrieved by the decision a remedy of review. The Congress in phrasing that remedy clearly recognized, on revocation, the certainty of a situation like that which, if its permit should be revoked, the petitioner will suffer, and very plainly declared as the policy of the legislation that pending review the permit in question shall be revoked temporarily. It may work a hardship, but that is the law. Such being the law, this court has no power to change it. Yet that, in effect, is what the petitioner asks, namely, instead of

suffering its permit to be revoked pending review, as the statute provides, it prays this court to stay the proceedings and allow the permit to run on not during a review provided by the act, but during the appeal from a decree in a proceeding before the lower court there instituted to try out a question of revocation in a way different from that provided by the act. In other words, the petitioner asks this court to set up a procedure in revocation matters different from and opposed to the one provided by the act which, once established as a precedent, would, because of the time and profits thereby to be gained in operating a brewery until the question of revocation is finally decided on appeal, inevitably be resorted to in every revocation proceeding thereafter. Put in plain and simple terms, the petitioner asks for what, in effect, is a supersedeas in anticipation of a revocation of its permit, to become effective before an order of revocation can be entered. We know of no provision of the statute or principle of general law which gives this appellate court power, in the face of the opposite policy expressed by the act, directly or indirectly to restrain the revocation proceedings now before the hearer.

The petition of the Harrison Beverage Company is denied.