**PITTSTON BEVERAGE CO. v. DORAN, Prohibition Com'r, et al.**

No. 630.

District Court, M. D. Pennsylvania.

Feb. 25, 1930.

See, also, 38 F.(2d) 690.

Abram Salsburg, of Wilkes Barre, Pa., and B. I. DeYoung, of Philadelphia, Pa., for complainant.

Richard Hay Woolsey and Edward C. Dougherty, both of Philadelphia, Pa., for defendants.

JOHNSON, District Judge.

This is a bill in equity to review the action of the Prohibition Commissioner in revoking the permit of the Pittston Beverage Company, under the provisions of section 9, tit. 2 of the National Prohibition Act (27 USCA § 21).

The authority of the court on a bill to review the action of the Prohibition Commissioner in revoking a permit to operate a cereal beverage plant, is defined by the Supreme Court of the United States in Ma-King Products Co. v. Blair, Commissioner, 271 U. S. 479, 46 S. Ct. 544, 545, 70 L. Ed. 1046, but this authority is limited to the determination "whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious."

In reviewing the decision of the Commissioner in revoking the permit, the question is whether the action of the Commissioner was lawful and supported by the evidence, or whether his action was based upon an error of law, or was wholly unsupported by the evidence, or was clearly arbitrary or capricious.

After hearing a large amount of testimony, on March 13, 1929, the hearer made the following specific finding of fact:

"The hearer finds that on or about November 3, 1928, the permittee did unlawfully and illegally manufacture and possess intoxicating liquor containing more than one-half of one per cent. of alcohol by volume."

From this finding of fact, the hearer made the following conclusion of law:

"The hearer is of the opinion that the facts found justify a revocation of the permit."

From the above finding of fact and conclusion of law, the hearer recommended that the permit be revoked.

On March 21, 1929, the Prohibition Commissioner approved the finding of fact, conclusion of law, and recommendation of the

hearer and "Ordered that permit No. Pa.—197 issued to the Pittston Beverage Company be and the same is hereby revoked and cancelled."

The Pittston Beverage Company on November 3, 1928, and for some time prior thereto, was the holder of a permit to manufacture cereal beverage under the National Prohibition Act.

The testimony shows that on the above date, about 7:45 in the evening, two prohibition inspectors visited the premises of the complainant brewery and found the doors locked. They broke open a window into the cooperage rooms where a door was discovered, back of a pile of barrels, leading to a garage adjoining the cooperage room. The barrels were removed and the door, not being on hinges, was taken away and an opening about three feet square was revealed. The inspectors went through the opening into the garage, and there found a truck loaded with forty-five barrels containing beer testing 4.6 per cent. of alcohol by volume. There was also an unloaded truck belonging to the Pittston Beverage Company in the garage. The inspectors then went to the racking room of the brewery and found signs of recent use, and the floor wet with beer foam. A sample of this foam was taken which tested 1.14 per cent. of alcohol by volume.

The permittee denied knowledge of the alleged violation and offered evidence to show that the garage part of the brewery premises had been leased, some time prior, to one Michael Chavanick, who was in the draying business, and used the garage to store and repair his trucks. The permittee, in order to explain away the presence of the truck loaded with beer in the garage, introduced the testimony of one John Girman, an employee of Chavanick, who stated that he had been employed by a man named Stefango, whom he knew only slightly, to haul some beer from a railroad station to an unknown destination to which Stefango would direct him. After he started his trip, his truck developed engine trouble and he drove to the garage to transfer the beer to another truck and continued the trip after they had eaten. While they were away eating, the prohibition inspectors arrived at the garage and seized the truck load of beer.

An examination of the evidence shows that the action of the Commissioner in revoking the permit was based upon the evidence, and the court finds that there was no abuse of the discretionary powers of the Prohibition Commissioner, nor error of law in revoking the permit, and the bill, is therefore, accordingly dismissed.

And now, February 25, 1930, this cause came on to be heard and was argued by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the bill of complaint in the above-entitled cause be, and the same is, hereby dismissed.

