**PITTSTON BEVERAGE CO. v. WYNNE, Prohibition Adm'r.**

No. 2345.

District Court, M. D. Pennsylvania.
Feb. 25, 1930.

See, also, 38 F.(2d) 689.

Abram Salsburg, of Wilkes Barre, Pa., and B. I. De Young, of Philadelphia, Pa., for complainant.

Richard Hay Woolsey and Edward C. Dougherty, both of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

The Pittston Beverage Company filed a petition, praying that a rule be granted upon the defendant to show cause why he, his subordinates, agents, servants and employees, should not surrender up possession of the brewery premises owned by the petitioner and withdraw therefrom, and remain off and out of, said premises, unless authorized by legal process or procedure to enter thereon.

On October 4, 1929, the rule was granted and on November 16, 1929, the defendant filed an answer to the merits of the petition, and a hearing was had upon the same date.

From the petition and answer it appears that the Pittston Beverage Company was the holder of a permit for the year 1928, authorizing the manufacture of cereal beverage under the National Prohibition Act (27 USCA).

In November, 1928, the Prohibition Administrator instituted proceedings to revoke the said permit, and issued a temporary permit on January 16, 1929, which was revoked on the 3d day of April, 1929. The Pittston Beverage Company has filed a bill in equity in this court against the Prohibition Administrator for a review of his action in revoking the permit. Pending the disposition of this case, the agents of the Prohibition Department secured a search warrant and entered the premises where they have remained to this date.

The answer of the Prohibition Administrator denies that he has possession of the brewery premises, but states that the agents have merely taken control of the complete and incomplete brews.

If the sole ground for the retention of prohibition agents on the property was based on the fact that they entered on the authority of a search warrant and remained by virtue thereof, this court should order the prohibition agents to vacate at once. However, the record shows that the permittee, when he received his permit, consented in writing, to the provisions of said permit and particularly to clause 2 which reads as follows:

"2. Should a citation be issued against you under Section 9, Title 2 of the National Prohibition Act [27 USCA § 21] all operations hereby authorized shall be discontinued within fifteen days thereafter, and after the expiration of the said fifteen days all complete or incomplete brews, or other kind of cereal beverage, whether containing less than ½ of 1 per cent. or more of alcohol by volume, and regardless of the kind of containers, shall be under the control of the Prohibition Administrator, and should your permit be revoked, such products shall, unless released by the Administrator, remain under his control until libel or other proceedings are instituted."

By its own act in taking a review of the Commissioner's action to this court, the permittee has held the proper disposal of the beer in abeyance and it cannot be heard to complain about the presence of guards over the beer in the vats until the final disposition of the revocation proceedings.

In another opinion (Pittston Beverage Co. v. Doran, 38 F.(2d) 689) this court has sustained the action of the Prohibition Commissioner in revoking the permit of the Pittston Beverage Company, and has dismissed the bill in equity for a review thereof, and the beer in the vats may now be disposed of in accordance with the provisions of the National Prohibition Act, after which the prohibition agents shall withdraw from the premises.

And now, February 25, 1930, the petition for a rule to show cause why the Prohibition Commissioner, his agents, servants, and employees should not withdraw from the premises of the petitioner, is dismissed, and the rule granted thereon is discharged.