**WYNNE, Federal Prohibition Administrator, v. ROMONAT.**

**No. 4443.**

Circuit Court of Appeals, Third Circuit.

Jan. 9, 1931.

**30**

Paul Freeman, Acting U. S. Atty., and Richard H. Woolsey, both of Philadelphia, Pa., for appellant.

P. J. Friel, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and J. WHITAKER THOMPSON, District Judge.

WOOLLEY, Circuit Judge.

The Prohibition Administrator denied an application for a permit to operate a cereal beverage plant. It is pertinent to note that the lawful operation of such a plant involves the manufacture of beer of unlawful alcoholic content and its subsequent dealcoholization to a lawful content. The applicant filed in the District Court a bill in equity for a review of the Administrator's decision. The court reversed the decision and directed that a permit be issued. The Administrator appealed.

We are constrained to find on reading the opinion that the learned court fell into error in resting its decision on what we believe were mistaken issues. Evidently the court found that the Administrator had based his decision on a misconception of his duty or power to pass upon the wisdom of the applicant in embarking on the adventure and to draw therefrom incriminating inferences and upon misconduct of former permittees when operating the same brewery. True, these matters bobbed up at the hearing, and, judging from other permit cases, probably influenced the Administrator. But the Administrator, now conceding that he has no right to deny a permit because of the bad business judgment of the applicant or the misconduct of his predecessors in possession of the property, contends that these were not the real issues in the case and were not the grounds on which he based his action denying the application. His position at the trial and at the argument on appeal was that it is the duty of the applicant for a permit to present an application which is in all respects bona fide and that it is the duty and within the power of the Administrator to determine from the evidence whether the application is made in good faith for the

applicant himself or in bad faith for someone of less repute not named. This is another way of saying what this court said in Yudelson v. Andrews, 25 F.(2d) 80, 83, and what the Supreme Court said more authoritatively in Ma-King Products Co. v. Blair, 271 U. S. 479, 482, 46 S. Ct. 544, 545, 70 L. Ed. 1046, that to carry out "the dominant purpose of the Act is to prevent the use of intoxicating liquor as a beverage" the applicant must show his "qualifications" and the Administrator must "determine * * * whether the applicant is a fit person to be entrusted with such a privilege." This plainly means that the applicant must make a case that is bona fide in all respects.

And, finally, the Administrator contends that the District Court should have reversed his decision only in the event that it was clearly arbitrary or capricious or was wholly unsupported by the evidence. So, as always, we are back to the basic law of Ma-King Products Co. v. Blair.

There is no occasion in this case to search for supporting evidence. Evidence that supports the Administrator's findings and particularly his finding that the application was not made in good faith in that all the parties in interest were not disclosed and that, in consequence, the applicant is not entitled to the confidence of the government stands out clearly.

The evidence was substantially as follows: The applicant, a local banker of good repute, had leased a brewery from the Union Beverage Company to which a permit had been twice denied and the denial approved by the District Court on review. The brewery was at Fountain Springs, Pennsylvania. The applicant entered into the transaction at the suggestion of Bowman, who was one of the three stockholders of the Beverage Company. Bowman took the applicant to his own attorney who had financed him in acquiring the stock of the Beverage Company. Thus it appears that Bowman and his attorney were both interested directly and indirectly in the present application. The applicant, placing himself entirely in the hands of the attorney, leased the brewery without an inspection of the plant, in fact, without even going on the premises, with no knowledge of the business, with no investigation as to business prospects, indeed, with no knowledge of the provisions of the lease before it was handed to him and then only the provisions with respect to the term and rental and that the lease was conditioned on the grant of a permit, with no knowledge

of how his bond was arranged, and without determining who should be the manager of the brewery if a permit were granted, but intending to employ the brewmaster of the Union Beverage Company, proposing to put the brewery in condition no matter what it cost and deciding that the brewery should be run by the attorney, should he prove capable. In this situation of many negative elements and lack of information on the part of the applicant as to the transaction in which he was engaged, neither Bowman nor the attorney, the two men who knew everything about it, was produced as a witness. Indeed, on the Hearer's request, the applicant refused to produce the attorney. This evidence, we think, involved more than business judgment and did more than arouse a suspicion. It sustained the Administrator's finding that the applicant was not the only party interested in the application and that he was secreting the name or names of the other parties. That was enough to support the Administrator's decision denying the application within the rule of Ma-King Products Co. v. Blair, supra.

The decree is reversed.