**BRADLEY v. WYNNE, Federal Prohibition Adm'r.**

No. 4494.

Circuit Court of Appeals, Third Circuit.

Jan. 21, 1931.

P. J. Friel and J. W. Crolly, both of Philadelphia, Pa., for appellant.

Paul Freeman, Acting U. S. Atty., and Richard H. Woolsey, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below, James S. Bradley, trading as the Frackville Lumber & Supply Company, filed a bill in equity against Samuel O. Wynne, Prohibition Administrator, to review the action of the latter in refusing a permit. After hearing, that court dismissed the bill, whereupon Bradley appealed to this court. Without entering into all the details of the present case, we may say that the general facts are in the main analagous to the case of Wynne v. Romonat, 46 F.(2d) 29, decided by this court at the present term.

The establishment in question under its former management had its permit revoked and was padlocked. One Anthony Mussolini had been its active head. The brewery became bankrupt and was bought in by him, though the title was taken in the name of his brother William, who in turn leased it to Bradley, the applicant. When information was sought by the authorities from William, he refused to give it, simply saying he had leased the premises to Bradley "and that was all there was to it." It further appears that Bradley is in the lumber business in the small town of Frackville; that he has no experience in the business which would be conducted under the permit; that he sought no information or made no investigation about going into such business prior to taking the lease. After a full hearing and an opportunity given to the applicant to show proof of his good faith and honest purpose in obtaining this permit for a business of his own, the hearer found his application was not made in good faith, that the real party in interest was Anthony Mussolini, and that they and William Mussolini had conspired to try to obtain

a permit "by attempting to set up a set of facts which have no truth in fact," and that the applicant is not entitled to the confidence of the government of the United States. A study of the evidence shows the hearer had proofs before him which warranted such findings. To this we may add what the court below held: "The ground of the refusal was the finding of the Hearer and Administrator that the application was not made in good faith. This was based upon the fact situation that a man by the name of Anthony Mussolini was the owner of the brewery premises, the title to which he had placed in the name of his brother. He despaired of his ability to secure the grant of a permit because he was associated with the former management which had been guilty of law violations, for which the permit of the brewery had been revoked. Mussolini, because of this, procured the applicant to secure a permit for a business, the conduct of which he (Mussolini) would control. If Mussolini could not safely be entrusted with a permit granted to himself, no permit could be granted for a business which would be under his control."

Finding no error in the case, the decree dismissing the bill is affirmed.